# CHARLESTON.

GREATHOUSE, *Guardian, v.* MORRISON, *Executor.*

Submitted March 29, 1910.   Decided February 21, 1911.

1. JUDGMENT—*Revivor—Death of Joint Judgment Debtor.*
    One or more of a number of joint judgment debtors having died, the judgment may be revived by a writ of *scire facias* against the surviving judgment debtor or debtors.

2. SAME—*Revivor—Personal Representative of Joint Judgment Debtor.*
    At common law, a judgment could not be revived or enforced against the personal representative of one of two or more joint judgment debtors, but section 13 of chapter 99 of the Code of 1906 authorizes a separate *scire facias* against him.

3. SAME—*Scire Facias to Revive—Parties— Personal Representatives of Joint Debtors.*
    Though a writ of *scire facias* to revive a judgment against surviving judgment debtors commands service thereof on such personal representative and service thereof is made upon him, the latter is not really a party to the writ if it warns him that execution will be asked against the survivors only.

(BRANNON, JUDGE, absent.)

Error to Circuit Court, Braxton County.

68 W. Va.

Action by Ira H. Greathouse, guardian of W. O. Morrison and another, against R. T. Morrison, executor by G. H. Morrison, and others. From the judgment plaintiff brings error.

*Reversed and Remanded.*

*James E. Cutlip,* for plaintiff in error.

*Linn, Byrne & Hines,* for defendants in error.

POFFENBARGER, JUDGE:

This is a writ of error to a judgment, quashing a writ of *scire facias* to revive a judgment, issued by the clerk of the circuit court of Braxton county, at the instance of I. H. Greathouse, guardian for W. O. Morrison and Stella M. Morrison.

The judgment was rendered in favor of Greathouse, guardian as aforesaid, and against G. H. Morrison, W. F. Morrison and W. P. Newlon. One of these, G. H. Morrison, having died, R. F. Morrison had been appointed executor of his will and qualified. Service of the writ upon the two surviving debtors and the executor was commanded and it. was served on them, but the monition thereof was that judgment would be sought against the survivors and the testator, one of the deceased debtors, not against the personal representative. The action of the court stands upon the assumption of a defect as to parties, non-joinder or misjoinder of the executor.

The first question is the construction of the writ to determine whether he was really joined. As no execution, the real object of the writ, was asked as to him, we think he was not, although it was directed to be served, upon him, and was so served. This seems to have been done for the purpose of enabling him to appear and defend, but not for the purpose of taking execution against him, upon the assumption of an interest in the subject matter, conferring such right of defense. He is not a real party to the writ. His status is analogous to that of a defendant in a summons in an equity suit against whom nothing is alleged in the bill. In our opinion, the real and only defendants are the judgment debtors. One of these being dead the prayer for execution against him may be treated as surplusage.

A *scire facias* against the surviving debtors only lies, as it would against only the personal representative of the deceased one. "Where a judgment is rendered against two, and then one

dies before execution issued, if the party proceeds by *scire facias,* it issues against the survivor separately and the judgment is revived separately against him.   But by our law it may be also revived against the representatives of the deceased, though by a separate *scire facias."*   2 Tucker's Com. (Ed. 1837) p. 341. The first of the two propositions, stated in this quotation, rests upon the common law, and the second upon section 13 of chapter 99 of the Code of 1906, a very old statute so construed in *Roane's Adm'r.* v. *Drummond's Adm'r.,* 6 Rand. 182.   In the same case, it was said that, at common law, joint obligations and joint judgments could only be enforced against the sur- viving obligors or defendants, the death of one or more of sev- eral such obligors or judgment debtors having absolved their personal representatives from all responsibility.   The purpose of the statute was to modify this rule to the extent of allowing pursuit of the personal representative by proper proceedings as well as his survivor.   That he may be sued separately has been decided in the case just referred to, and, from this, it naturally follows that the survivor may be sued without him as at common law.

We, therefore, reverse the judgment, overrule the motion to quash, and, as the defendants are entitled to plead *nul tiel record* or any other proper matter of defense, remand the case.

*Reversed and Remanded.*