# CHARLESTON.

S. H. McKown *et al. v.* Gray Silver *et al.,* and Gray Silver
*v.* J. C. McKown, *Admr., et al.*

(No. 5223)

Submitted April 21, 1925.    Decided April 28, 1925.

1.  Bills and Notes—*Joint Endorser Discharging Obligations
    of All May Enforce Contribution Against Others, in Ab-
    sence of Agreement to Contrary.*

    By section 68 of the negotiable instruments law, joint
    payees or joint endorsers who endorse are deemed to en-
    dorse jointly and severally, unless it is shown that as between
    or among themselves they have agreed otherwise; and where,
    in the absence of such agreement, one of the joint endorsers
    pays off and discharges the obligation of all, he may enforce
    contribution against the others.    (p. 80).

    (Bills and Notes, 8 C. J. § 821).

2.  Same—*Joint Endorser Has Burden to Establish by Prepond-
    erance of Evidence Contract with Co-Endorsers That He
    Was to Be Bound Differently from Legal Import of En-
    dorsement.*

    Where one of several joint endorsers, contrary to the legal
    effect of his endorsement, asserts that his contract with his
    co-endorsers was that he was to be bound differently from
    the legal import of his endorsement, the burden is upon him
    to establish such fact by a preponderance of the evidence,
    without which he should not prevail.    (p. 80).

    (Bills and Notes, 8 C. J. § 1316 [1926 Anno.]).

3.  Pleading—*Amended Answer, Raising New Issues, Should
    Not Be Allowed on Showing That Party Tendering It Knew
    Facts Relied On When He Filed First Answer.*

    An amended answer, raising new issues, should not be
    allowed, where it appears that the party tendering the same
    knew the facts relied on when he filed his first answer.  (p.
    83).

    (Pleading, 31 Cyc. p. 423).

    Note:   Parenthetical references by Editors, C. J.—Cyc. Not part
            of syllabi.

Appeal from Circuit Court, Berkeley County.

Suit by S. H. McKown and J. C. McKown, administrator
of G. W. McKown, deceased, against Gray Silver, consoli-

dated with suit by Gray Silver against J. C. McKown, administrator of G. W. McKown, deceased, and others. From a decree for Gray Silver, plaintiffs in first suit appeal.

*Reversed and remanded.*

*George Poffenbarger* and *Kilmer & Byrer,* for appellants.
*Martin & Seibert,* for appellee Silver.

Miller, Judge:

The decree appealed from was pronounced in the two causes consolidated, brought on the same day, April 1, 1922. By the first named suit the plaintiffs therein, S. H. McKown, and J. C. McKown, Administrator of G. W. McKown, deceased, sought contribution from Gray Silver and others, their joint judgment debtors, by reason of having paid off and satisfied, and obtained an assignment of, the judgment against all of them. By the second suit Silver sought to establish an agreement between him and the other judgment creditors, limiting his liability as an endorser on the note on which the judgment was rendered, and to be relieved of the judgment against him and to have the lien thereof removed as a cloud upon the title to his real estate. The lower court decreed to Silver the relief sought by him; and the plaintiffs in the first named suit have appealed.

The judgment paid off by the plaintiffs to the first suit was obtained by the Shenandoah Valley National Bank of Winchester, Virginia, on the renewal of a note originally made by the Norwalk Motor Car Company to G. W. McKown, S. H. McKown, A. E. Skadden, J. M. Rothwell, S. P. Hopkins, and Gray Silver, and endorsed by the payees therein, and discounted by said bank. Silver's contention is that at the request of the other payees and endorsers, he secured the discount of the note by the bank; that the bank was unwilling to take the note without his endorsement; and that the other endorsers agreed to save him harmless, and that he would not be held liable to them for his endorsement; and that he became a party to the note as an accommodation endorser only to the other endorsers, relying upon the alleged agreement.

The note in question was secured by a deed of trust, executed by the maker, to secure the endorsers; and Silver is named in the deed of trust as one of the beneficiaries thereof. The note, dated December 26, 1912, was renewed from time to time in its original form until September, 1914, at which time, Silver testifies, ''I insisted on some expression that would show my position, and the form of the note was changed so that my name appeared as a signer on the back, at the bottom thereof, and on the face of the note, under 'Credit the Drawer,' instead of on the back only, but not written on the face with the other endorsers.'' He further testifies that he went to the bank and discussed with Mr. Rice, the cashier, now deceased, the renewal of the note without his endorsement, and was told that the note must be renewed with his endorsement, or paid. The note was then renewed with Silver's endorsement as formerly. He further says that Mr. Rice said the bank would like to have an agreement as to the relation of the endorsers, and suggested that he would have a memorandum prepared. Such memorandum was in fact prepared by the bank's attorney and forwarded to some one of the parties to the note. After reciting the execution of the note and the several renewals thereof, the discount by the bank, the execution of the deed of trust, etc., the alleged agreement recites that: ''Whereas, the parties hereunto doth agree that said Gray Silver may be released as an endorser on said note for twenty thousand dollars in consideration of the signature to this agreement by said Gray Silver;'' and further provides that a new note should be given in renewal, to be made by the Norwalk Motor Car Company, payable to the order of the former payee and endorsers with the exception of Gray Silver; and then stipulates that: ''In consideration of the agreement of the parties hereto to release him as endorser on said note for twenty thousand dollars, the said Gray Silver doth guarantee unconditionally the payment of said twenty thousand dollars with legal interest that may be accumulated thereon, evidenced by said note, and secured by said deed of trust, to the Shenandoah Valley National Bank of Winchester, Virginia, when due, and doth guarantee the payment of any renewal of said note that may be accepted by said bank in whole or in part. Witness the

following signatures and seals this — day of September, 1914.'' This paper is signed by the The Norwalk Motor Car Company, G. W. McKown, S. H. McKown, S. P. Hopkins and A. E. Skadden. It does not bear the signatures of Silver or Rothwell. But it appears that the renewal executed about the time the written agreement was prepared was endorsed by all the payees in the original note. None of the notes are exhibited with the record; but the record of the bank's suit on the note, brought by notice of motion for judgment, shows that the final note was made payable to the Shenandoah National Bank, signed by the Norwalk Motor Car Company, and endorsed on the back by the six original endorsers, including Silver. And judgment was rendered against all of them.

G. W. McKown, who was president of the Norwalk Motor Car Company, died in February, 1918. A. E. Skadden and S. P. Hopkins have since died, and their estates are insolvent. The plaintiff J. C. McKown is administrator of the estate of G. W. McKown. After the McKowns paid off the judgment against all the endorsers to the note in question, they recovered from Rothwell the sum of $5,439.96. The assets of the motor car company, sold in the bankruptcy proceeding, realized the sum of $5,220.81, which was applied on the judgment.

It is the contention of Silver that the alleged agreement upon which he relies was made before the execution and discount of the original note, and that the written memorandum, though never delivered as a completed contract, nor signed by him or Rothwell, is nevertheless evidence of such original agreement. The answers of the McKowns put the fact of such agreement in issue.

The question is presented, whether the evidence introduced to support the pleadings of Silver is sufficient to overcome the presumption of law, that his name on the note as payee and endorser renders him equally liable with the other payees and endorsers thereon. Section 68 of the Negotiable Instruments Law, section 68, chapter 98-a, Code 1923, provides: ''As respects one another, endorsers are liable *prima facie* in the order in which they indorse; but evidence is admissible to show that as between or among themselves they have agreed

otherwise.   Joint payees or joint indorsers who indorse are deemed to indorse jointly and severally.''   Not only must Silver overcome this presumption, but he must also establish the fact and terms of an agreement between himself and the other endorsers by which it was understood he was to be relieved of liability on the note as between him and the others.

As we have said, G. W. McKown, Skadden and Hopkins are dead.   S. H. McKown denies that he ever entered into any agreement with Silver regarding the latter's liability as endorser; and further says he was not present when any such agreement was talked of by any of the others.   He denies that he signed the memorandum above referred to.   Counsel for Silver place much reliance on the evidence of Rothwell as tending to prove the agreement relied on.   Rothwell says he was not a party to the agreement, and that it was not made in his presence.   He does say that he understood from some of the others that, ''Mr. Silver's endorsement was that of guarantor.''   But he is not certain when he obtained such information, and does not say from which of the others it came to him, nor with which of the parties he understood the agreement was made.   He says he paid but little attention to the proposed modification of the note, and left it to those conducting the corporation's affairs, and signed without as full a knowledge of the matter as he should have had.   Incident to the occasion on which the renewal note was presented to the bank for discount without Silver's name, he says:   ''I believe the bank refused to accept it, and requested, upon representation of somebody from the Norwalk Company, that if there was anything among ourselves that warranted any different responsibility on the part of any original endorser that it be set out in contract form and filed with the note.''   He says he objected strenuously to a proposed renewal presented to him which contained Silver's name as a guarantor only.   And he refused to sign the written agreement.

We do not think the partly executed written agreement constitutes evidence of any weight to support Silver's contention of a former agreement.   It does not state in terms that such former agreement existed, but in all other respects recites a complete history of the other transactions in respect to the note in question, the execution of the original note,

the renewals thereof, the execution of the deed of trust to secure the six endorsers and save them harmless. By its terms it purports to be an agreement of its own date. The fourth paragraph provides: ''Whereas: the parties doth agree that said Gray Silver may be released as an endorser on said note for twenty thousand dollars, in consideration of the signature to this agreement by said Gray Silver.'' It will be noted that the parties ''doth agree'' that Silver ''may be released as an endorser'' in consideration of his ''signature.'' Is it not to be inferred that Silver was liable as an ''endorser'' until the written agreement was fully executed? The sixth paragraph recites that, ''in consideration of the agreement of the parties hereunto to release him as endorser on said note for twenty thousand dollars, the said Gray Silver doth unconditionally guarantee the payment of the said twenty thousand dollars,'' etc. But Silver did not sign the writing. It may be evidence of negotiations, at the time, on the part of the parties thereto, but it is not a completed contract, nor does it refer to any former agreement, about to be put in writing. The agreement is denied by the only living party alleged to have signed the paper, and by the party named therein who did not sign. And why did not Silver sign?

The trust deed executed by the motor car company was to ''secure, indemnify and save harmless G. W. McKown, S. H. McKown, J. M. Rothwell, A. E. Skadden, S. P. Hopkins and Gray Silver as endorsers'' on the note executed by the company and payable to the order of the six endorsers thereof. There is nothing in this instrument tending to show that Silver's obligation was different from that of the other parties; no reference is made to any special agreement.

The documentary evidence is certainly not sufficient to support Silver's contention, and we do not think the testimony of the witnesses sufficient to overcome the presumption that he was jointly liable with the other endorsers. Both the form of the note and the judgment against the endorsers jointly constitute *prima facie* liability of Silver, which can not be overcome without clear and decisive evidence. *Chapman v. Liverpool Salt and Coal Co.*, 57 W. Va. 395; *Whitten v. McDermitt*, 83 W. Va. 62.

Counsel for appellants advance the proposition that where there is a presumption of law to be overcome, more evidence is required to constitute a preponderance than where there is no presumption; citing for this proposition *Adams* v. *Thornton*, 78 Ala. 489, 56 Am. Rep. 49; *Insurance Co.* v. *Jochnichen*, 110 Ind. 59, 59 Am. Rep. 194; *Decker* v. *Somerset M. F. Co.*, 66 Me. 406; and other cases. In view of the fact that we do not consider Silver's evidence sufficient to overcome the presumption created by the form of the note in question, and the evidence presented by appellants, we will not pass on this question now.

The appellee Silver assigns as cross-error the refusal of the lower court to permit him to file an amended and supplemental answer, in so far as the same interposes the defense of laches. The evidence discloses the fact that while the judgment against Silver and the other endorsers on the note sued on by the bank was rendered in September, 1915, it was not fully paid by the McKowns until in the year 1918; that Silver, in the year 1920, instituted a suit seeking the same relief sought by his present suit, but which was dismissed for lack of prosecution. Silver was himself guilty of laches in not instituting and prosecuting his suit in the lifetime of the joint judgment debtors. His right to sue accrued when the judgment was rendered against him, in 1915. His present suit was instituted on the same day that the suit against him was brought. When he filed his first answer he knew all the facts set out and relied on in the amended and supplemental answer tendered. "An amended answer should not be allowed, raising new issues, where it appears that the party knew the facts when he filed his first answer, and is thus guilty of negligence." *Goldsmith* v. *Goldsmith*, 46 W. Va. 426, citing *Foutty* v. *Poar*, 35 W. Va. 70.

The proposition most elaborately argued here was that the testimony of J. M. Rothwell, who is a party to the suit and interested in the result thereof, and the testimony of Silver, also interested, was incompetent under the provisions of section 23, chapter 130 of the Code, both as to the personal representative of G. W. McKown, deceased, and as to S. H. McKown, who is one of the survivors of the joint judgment debtors. In view of our conclusion that the evidence in the

record is not sufficient to support the contention of Silver, it becomes unnecessary to discuss this proposition. Assuming the testimony of Rothwell and Silver to be competent, which we need not decide, we think it insufficient to overcome the presumption of Silver's joint liability with the other endorsers, when considered in connection with the evidence presented by appellants.

The decree below will be reversed; the bill in the suit of Gray Silver against J. C. McKown and others will be dismissed; the bill in the suit of S. H. McKown and others against Gray Silver and others will be. reinstated; and the cause remanded for further proceedings to be had therein in accordance with the views herein expressed.

*Reversed and remanded.*