# CHARLESTON.

FRED BRINGARDNER AND MYRON G. CAMPBELL *v.* W. Z. ROLLINS AND H. D. MOYER

(No. 5654)

Submitted November 9, 1926. Decided November 16, 1926.

JUDGMENT—*Judgment or Decree Must be Restricted to Case Made by Pleadings, no Matter What Evidence May Show; Notice by Two Indorsers of Motion for Judgment Against Two Other Indorsers on Same Note Held Insufficient to Support Judgment Against One of Such Indorsers.*

A judgment or decree must be restricted to the case made by the pleadings, no matter what the evidence may show.

Error to Circuit Court, Kanawha County.

Proceeding by Fred Bringardner and another by notice of motion for judgment against W. Z. Rollins and another. Default judgment against the named defendant. Motion of named defendant to set aside default judgment overruled, and he brings error.

*Reversed and remanded.*

*George D. Moore,* for plaintiff in error.

*Price, Smith & Spilman,* for defendants in error.

MILLER, JUDGE:

The plaintiffs Fred Bringardner and Myron G. Campbell instituted this proceeding by notice of motion, notifying the defendants W. Z. Rollins and H. D. Moyer that plaintiffs would on a day named move the circuit court for judgment against them and each of them for the sum of $2,500.00, with interest and costs, on a certain note made by the Coal State Electric Company, for the sum of $5,000.00, payable to the order of the Charleston National Bank, at said bank, and indorsed in blank on the back thereof by Fred Bringardner, Myron G. Campbell, W. Z. Rollins, and H. D. Moyer, which note, when due and payable, was presented for payment and payment refused, and protested for non-payment, and was subsequently paid by plaintiffs to the said Charleston National Bank.

On the return day of the notice, the plaintiffs appeared in court by counsel and moved the court for judgment against the defendants in the sum of $2,581.41, with interest thereon until paid. The defendant Rollins not appearing, and the plaintiffs not requiring a jury, "the court proceeded to hear the evidence and ascertain the amount, if anything, that the plaintiffs were entitled to recover against the defendant W. Z. Rollins on the demand stated in said notice," and found that they were entitled to recover from him the sum of $2,581.41, and entered judgment against him for said amount, with interest and costs. Thereupon the defendant Moyer appeared by counsel; and on his motion the case as to him was continued and set for trial at a later date.

On a later day of the same term, the defendant Rollins appeared by counsel and moved the court to set aside and vacate the default judgment against him, for the reasons assigned. The court overruled this motion.

The first question arising on defendant's motion to set aside and vacate the default judgment is, did the facts set out in the notice justify the judgment rendered? On what theory

was the case presented to the court on the hearing, subrogation or contribution? It is nowhere alleged in the notice who were prior or subsequent indorsers; nor that the four indorsers were jointly liable, entitling those who discharged the joint obligation to contribution from the other solvent obligors. Nor does it appear who indorsed first, or how many indorsers had signed their names on the back of the note when it was discounted at the bank. Plaintiffs do not allege facts to show why *defendants and each of them* should be liable for half the amount of the note. We are unable to conceive from the facts pleaded on what theory the defendant Rollins was liable to plaintiffs in the sum of $2,581.41, unless there was some special arrangement or contract between the indorsers in regard to their several liabilities, a fact not alleged. Indorsers in course are generally liable in the order of their indorsements, while joint indorsers are, as among themselves, liable to equal contributions. The order of the court recites that it "proceeded to hear the evidence and ascertain the amount, if anything, that the plaintiffs were entitled to recover against the defendant W. Z. Rollins on the demand stated in said notice." What evidence the court heard does not appear in the record, but whatever it may have been, no facts set out in the notice justifies the finding.

"It is a well-settled rule of pleading that a judgment or decree can only be entered on the case as made by the pleadings; and evidence of matter not noticed in the pleadings will be of no avail, though it might show a right to a further judgment or decree." 8 Enc. Dig. Va. & W. Va. Rep. 296, and the numerous cases cited. We do not think the facts set out in the notice in this case are sufficient to support a finding against the defendant Rollins in the sum of $2,581.41.

The judgment will be reversed and the case remanded to the circuit court.

*Reversed and remanded.*