[No. 32348.    Department One.    October 5, 1953.]

*In the Matter of the Estate of* OTTO B. GUFLER, *Deceased.*[1]

*The Attorney General* and *Carl L. Loy, Assistant,* for appellant.

*Dodd & Russell,* for respondent.

[1]Reported in 261 P. (2d) 434.

WEAVER, J.—Are the proceeds of a life insurance policy payable to a designated beneficiary, taxable under the inheritance tax statutes of this state, in so far as the proceeds are used to discharge an obligation of the insured to a creditor, to whom the insured had previously assigned the policy as collateral security?

Decedent had insured his life for thirty thousand dollars, evidenced by four policies. His wife was designated as beneficiary in two policies for twenty thousand dollars; his son was named beneficiary in two policies for ten thousand dollars.

During his lifetime, decedent borrowed money from the Pacific National Bank. On May 14, 1943, he executed and delivered to the bank four documents, designated as "Assignment of Life Insurance Policy as Collateral," as security for his loans, which varied in amount from time to time.

January 28, 1948, the date of his death, decedent owed the bank $24,603.66, represented by two outstanding promissory notes.

Shortly after the son qualified as executor of his father's estate, the bank informed him that he could delay paying the promissory notes to suit his convenience. In order to stop interest, and as a matter of expedience and convenience, the beneficiaries of the policies requested the insurance company to pay the total amount due the bank, and to pay the remainder to the son. Payment was made as requested.

The supervisor of the inheritance tax division of the state tax commission found that the proceeds of the life insurance policies, in so far as they were used to pay the debts of the decedent secured by the assignments, were an asset of the estate for the purpose of determining inheritance tax due the state. The supervisor appeals from an order vacating his findings and sustaining objections thereto.

The problem is governed by Rem. Rev. Stat. (Sup.), § 11211b [cf. RCW 83.16.080], which reads as follows:

"Insurance payable upon the death of any person shall be deemed a part of the estate for the purpose of computing the inheritance tax and shall be taxable to the person, partnership, or corporation entitled thereto. Such insurance

shall be taxable irrespective of the fact that the premiums of the policy have been paid by some person, partnership, or corporation other than the insured, or paid out of the income accruing from principal provided by the assured for such payment, whether such principal was donated in trust or otherwise: *Provided, however,* That there is exempt from the total amount of insurance receivable by all beneficiaries other than the executor, administrator or representative of the estate, regardless of the number of policies, the sum of forty thousand dollars and no more:   .   .   ."

Appellant argues that, by reason of the assignments of the policies as collateral security to the bank (which assignments had been signed also by the named beneficiaries), the policies became "primarily payable" to the bank; that, upon the death of the insured, the bank became a creditor of the estate; that, by reason of the terms of the assignments, the policies were for the benefit of the estate, and hence, the proceeds thereof, in so far as they were used to discharge the debt, became an asset of the estate for the purpose of determining inheritance tax.

■ The heart of appellant's argument is that the *use,* to which the proceeds of life insurance are put, determines whether or not the proceeds are a part of the insured's estate, for the purpose of computing inheritance taxes.

With this we cannot agree. The question involved is controlled in favor of respondent, by the proviso to the statute

.   "  .   .   .   that there is exempt from the total amount of insurance receivable by all beneficiaries *other than the executor, administrator or representative of the estate,* .   .   .   the sum of forty thousand dollars and no more: .   .   ." (Italics ours.) Rem. Rev. Stat. (Sup.), § 11211b [*cf.* RCW 83.16.080]

The language of the proviso is clear and unambiguous. As this court said in *In re Killien's Estate,* 178 Wash. 335, 357, 35 P. (2d) 11 (1934),

" 'Beneficiary,' as that word is used in the insurance statute, means the person or corporation to whom, according to the terms of the policy, the proceeds are payable on the death of the insured. The term 'beneficiary' has no other

meaning, so far as the question here involved, than the word 'payee' applied to other kinds of contracts."

The proceeds of these policies were received by beneficiaries "other than the executor, administrator or representative of the estate." The total amount of the proceeds is within the exemption allowed by statute.

The statute itself negatives appellant's argument that it is the use to which the proceeds are put which determines taxability. Such a test would unduly tax some estates. In many instances, the beneficiaries of life insurance policies are also heirs of decedent. Under appellant's theory, such beneficiaries would invoke an inheritance tax, should they elect to pay debts of the decedent with insurance cash to preserve frozen estate assets from a forced sale.

It appears to have been the evident intent of the legislature to exempt life insurance proceeds, when received by beneficiaries other than the executor, administrator, or representative of the estate, regardless of the ultimate use or destination of the funds. This conclusion is not disturbed by the fact that that insured himself pledged the exempt property as collateral security.

We have considered the ruling of the United States board of tax appeals in *Estate of Silas B. Mason v. Commissioner of Internal Revenue*, 43 B.T.A. 813 (1941), under the Federal estate tax statutes. We feel that the facts, the statute, and especially the regulations of the bureau of internal revenue are sufficiently different to distinguish it from the instant case.

The facts stipulated by the parties recognize decedent's indebtedness to the bank at the time of his death. Appellant argues in his brief that

". . . the estate cannot deduct for the payment of a debt [in computing net estate to determine inheritance taxes] unless estate funds are expended to pay the debt, and this either directly in satisfaction of said debt or indirectly through actual or required reimbursement of a third party who has paid. The legislature never intended to allow an estate a deduction where the estate did not expend the amount for which the deduction is claimed."

No authority is cited for this novel suggestion.

■ An inheritance tax is imposed upon the succession rather than upon the property. *In re Ferguson's Estate,* 113 Wash. 598, 194 Pac. 771, 13 A. L. R. 122 (1921), and cases cited. The tax accrues upon the death of decedent. Rem. Supp. 1945, § 11210 [*cf.* RCW 83.44.010]. Its amount depends upon the value of the property passing by succession determined as of the same date. *In re Bowers' Estate,* 196 Wash. 79, 81 P. (2d) 813 (1938).

■ Rem. Supp. 1949, § 11201 [*cf.* RCW 83.04.010], provides that decedent's property

". . . shall, for the use of the state, be subject to a tax *measured* by the full value of the entire property . . . after the payment of all debts owing by the decedent at the time of his death. . . ." (Italics ours.)

The tax is " measured" by the value of the assets after payment of debts owing by the decedent at the time of his death. This does not mean that the debts must all be paid before the tax is computed. So long as the obligation has been timely established, as a bona fide debt of decedent, it is a deductible item in measuring "the full value of the entire property."

The judgment is affirmed.

GRADY, C. J., MALLERY, HILL, and OLSON, JJ., concur.