[No. 42190. En Banc. September 14, 1972.]

*In the Matter of the Estate of* GEORGE WELLINGTON STODDARD, *Deceased.*
MARJORIE CLAIRE STODDARD *et al., Respondents,* v. THE DEPARTMENT OF REVENUE, *Appellant.*

*Slade Gorton, Attorney General, Henry W. Wager* and *Timothy R. Malone, Assistants,* for appellant.

*Preston, Thorgrimson, Starin, Ellis & Holman* and *Susan F. French,* for respondents.

HALE, J.—A provision of the inheritance tax statutes (RCW 83.16.080) exempts life insurance proceeds up to $40,000 from taxation. Another section (RCW 83.04.013), authorizes the deduction of debts owed by the decedent. When the two are read together, is it proper to treat a loan against a life insurance policy as a debt of the decedent, or should it be regarded for inheritance tax purposes as no more than a reduction of the life insurance proceeds?

The facts of this case were stipulated to by the parties, and agreed upon as set forth in appellant's brief as follows:

> The decedent, George Wellington Stoddard, died testate September 28, 1967, a resident of Seattle. At the time of his death he had certain policies of insurance on his life naming his wife, Marjorie C. Stoddard as beneficiary. The face amount of these policies was $72,000.00. At the date of death of decedent, the total face amount of these policies, plus dividends and adjustment, was $74,881.78.
>
> The decedent also had another policy of insurance on his life naming his estate as beneficiary. The face amount of this policy was $30,000.00, which with dividends and adjustments, amounted to a total face value of $30,689.25. The outstanding loan or advance against this policy was $10,264.99.
>
> Prior to his death the decedent had secured from the insurance company a loan on the policies payable to his wife and at the time of his death there was a loan outstanding against said policies in the amount of $19,695.84 including interest.
>
> All of the policies provide that the insurance companies could deduct the amount of any outstanding loan from the face amount of the policies before paying the beneficiaries. This deduction was made by the companies and the balance paid to the beneficiaries.

As observed, the insurance companies paid to decedent's surviving wife $55,185.94, representing their value of $74,881.78, less the $19,695.84 advanced or loaned on the policies to the insured during his lifetime. The inheritance tax division ruled that the $19,695.84 was not a loan but an advance, and could not be deducted as a debt of the estate. Holding that the $19,695.84 advanced to the decedent from the insurance company under the loan provisions of the policy was to be regarded as a debt for inheritance tax purposes, the trial court sustained the co-executor's objections to the inheritance tax division's ruling.

Applying the $40,000 insurance exemption (RCW 83.16 .080), the court found no inheritance tax to be due. It found that the premiums had been paid out of community funds, and ruled that the total $74,881.78 insurance proceeds, unreduced by the loan or advance of $19,695.84, were community property, only half of which, therefore, was taxable. *In re Estate of Coffey*, 195 Wash. 379, 81 P.2d 283 (1938). It also found that half of the insurance proceeds, that is, one-half of $74,881.78, fell below the $40,000 exemption allowed under the inheritance tax statute for life insurance. Treating the $19,695.84 as a debt of the decedent thus instead of merely reducing the insurance proceeds, operated to reduce the taxable estate.

The state now appeals the ruling, contending mainly that the proceeds of life insurance above the statutory exemption of $40,000 are taxable the same as any other assets of the estate; that money advanced by a life insurance company to the insured on his application under the loan provision of the policy is not a loan but a return of the insured's own money; and that the delivery of the money to the insured upon the security of the insured's policy does not create a debt of the estate, but does no more than reduce the "proceeds" from the life insurance policy.

If the state's contention is sustained and the loan on the policy is not treated as a debt but merely reduces the insurance proceeds, then the estate must pay an inheritance tax of $745.08, including interest. If, however, the loan may

be deducted as a general debt, then the insurance proceeds will be covered by the $40,000 statutory insurance exemption, and the taxable amount of the inheritable estate will be reduced by the amount of the advance or loan.

■ At the outset, we note that the issues arise from the imposition of an inheritance tax by statute and not from the general relationships of debtor and creditor. Thus, the court's mission is to ascertain the legislative intent in allowing deductions for the debts of a decedent and exemptions for life insurance proceeds, and to give it effect. Accordingly, the general definition of debtor and creditor and the remedies available to a creditor for the enforcement of one kind of an obligation or another afford little assistance in resolving the instant case. The problem was, and remains, did the legislature intend that the advance of money to the insured on the security of his life insurance policies constitutes a debt for inheritance tax purposes?

■ An inheritance tax is imposed upon the succession rather than upon the property. *In re Estate of Gufler*, 43 Wn.2d 440, 261 P.2d 434 (1953); *In re Estate of Ferguson*, 113 Wash. 598, 194 P. 771, 13 A.L.R. 122 (1921). Under RCW 83.04.010, all property to be distributed in the estate of a decedent is subject to a tax measured by the full or gross value of the property passing, reduced by the amounts allowable under RCW 83.04.013, which says:

All debts owing by the decedent at the time of his death, the local and state taxes due from the estate prior to his death, and a reasonable sum for funeral expenses, monument or crypt, court costs, including cost of appraisement made for the purpose of assessing the inheritance tax, the fees of executors, administrators or trustees, reasonable attorney's fees, and family allowance not to exceed one thousand dollars, and no other sum, shall be allowable as deductions from the gross value of the entire property, but said debts shall not be deducted unless the same are allowed or established within the time provided by law.

Both the inheritance tax imposed on insurance proceeds and the $40,000 exemption are set forth in RCW 83.16.080:

Insurance payable upon the death of any person shall be deemed a part of the estate for the purpose of computing the inheritance tax and shall be taxable to the person, partnership, or corporation entitled thereto. Such insurance shall be taxable irrespective of the fact that the premiums of the policy have been paid by some person, partnership, or corporation other than the insured, or paid out of the income accruing from principal provided by the assured for such payment, whether such principal was donated in trust or otherwise: *Provided, however,* That there is exempt from the total amount of insurance receivable by all beneficiaries other than the executor, administrator or representative of the estate, regardless of the number of policies, the sum of forty thousand dollars and no more.

Although the two statutes may be susceptible of the state's interpretation, we do not believe that construction comports with the intent of the legislature. *Goodwin v. Northwestern Mut. Life Ins. Co.,* 196 Wash. 391, 83 P.2d 231 (1938), cited by the state, arose in a context far removed from the case under consideration now. There the question was whether an insurance company was entitled to compound rather than simple interest upon a policy loan or advance. In denying compound interest, the court observed that money advanced by an insurer to the insured under the particular circumstances of the case was not a loan in the ordinary sense of the word. Such a delivery of money to the insured upon the security of his policy could, we said, be regarded as an advance representing the cash surrender value rather than as a loan. But that case did not, we think, hold that such advances of money to the insured be removed completely from the category of a debt. *Goodwin* did no more than decide that the interest accruing on the advance or loan could not be compounded—that is, that the insured need not pay interest upon the interest. Nor does the general rule that the beneficiary of a life insurance policy cannot recover from the insured's estate the amount of a loan upon the policy seem determinative of this case nor completely remove the advance from the general category of a debt. 43 Am. Jur. 2d *Insurance* § 650 (1969); 44

C.J.S. *Insurance* § 337b (1945). Because the insurer in case of nonpayment is limited in its remedy to deducting an advance made upon the security of the policy from the amount payable on death, this does not mean that a debt of one kind or another, however it may be described, does not arise from such advance or loan.

The present case, in our view, appears to be controlled by *In re Estate of Gufler,* 43 Wn.2d 440, 261 P.2d 434 (1953). There, the insured in four separate policies had insured his life for a total of $30,000. Two of the policies, totaling $20,000, named his wife as beneficiary, and the other two with a face amount of $10,000 designated the insured's son as beneficiary. The insured borrowed money from Pacific National Bank, delivering to the bank as security for his loan the four policies of insurance pursuant to what was described as an "Assignment of Life Insurance Policy as Collateral." The amount of the bank loans for which the four policies had been assigned as security varied from time to time. At the time of his death, the insured owed the bank $24,603.66 on two promissory notes. After the son had qualified as executor of insured's estate, the bank informed the executor he could delay paying the notes to suit his convenience. To allay the running of interest, however, the two beneficiaries, mother and son, requested the insurance company to pay the total amount of insured's debt to the bank and the remainder to the son. This the insurance company did, thereby extinguishing the debts.

Gufler's estate listed the two debts to the bank as debts of the estate and the state then contended there, as it does here, that the portion of the insurance proceeds utilized to pay off the loans from the bank should not be included in the $40,000 insurance exemption, and that the amount of the loans could not be deducted as a debt of the decedent because insurance and not estate funds were used to satisfy the debt. We held that the state's position was untenable under the inheritance tax statute, stating, at page 443:

The proceeds of these policies were received by beneficiaries "other than the executor, administrator or representative of the estate." The total amount of the proceeds is within the exemption allowed by statute.

The statute itself negatives appellant's argument that it is the use to which the proceeds are put which determines taxability. Such a test would unduly tax some estates. In many instances, the beneficiaries of life insurance policies are also heirs of decedent. Under appellant's theory, such beneficiaries would invoke an inheritance tax, should they elect to pay debts of the decedent with insurance cash to preserve frozen estate assets from a forced sale.

It appears to have been the evident intent of the legislature to exempt life insurance proceeds, when received by beneficiaries other than the executor, administrator, or representative of the estate, regardless of the ultimate use or destination of the funds. This conclusion is not disturbed by the fact that that insured himself pledged the exempt property as collateral security.

and further, at page 444:

The tax is "measured" by the value of the assets after payment of debts owing by the decedent at the time of his death. This does not mean that the debts must all be paid before the tax is computed. So long as the obligation has been timely established, as a bona fide debt of decedent, it is a deductible item in measuring "the full value of the entire property."

The state now contends that there exists an operative difference between the pledge of insurance proceeds to a bank as collateral for a loan, and money advanced from the insurance company directly to the insured upon the same policies. That there may be differences arising in other contexts between the two kinds of advances of money, we agree—for example, when priorities of claims against an insolvent insurance company must be determined. But with respect to inheritance taxes, we are unable to locate any real difference between them under the two statutes.

In *In re Estate of Gufler,* the proceeds of insurance were assigned to a bank as security for an advance of money; in the instant case, the proceeds of insurance were assigned to

an insurance company as security for an advance of money. The legal effect of both transactions for the purpose of assessing the inheritance tax after allowing deduction for debt and exemption for insurance should be and is the same. Had the legislature intended that advances by an insurance company to its insureds upon the security of the policy be not treated as a debt in computing the inheritance tax, a few additional words added to the statute could easily have made such an intention clear.

There having been no such intention evinced by the legislature in succeeding sessions since *In re Estate of Gufler, supra,* nearly 20 years ago, we assume that that opinion correctly interpreted the legislative intent. Thus, we think that the tax is to be measured by the value of the assets after the bona fide debts of the decedent have been deducted; and that advances by decedent's insurance carriers made to him during his lifetime upon the security of his insurance policies remaining unpaid or unreimbursed to the insurance carriers at the time of decedent's death are, for inheritance tax purposes under RCW 83.04.013, debts of the decedent.

Affirmed.

HAMILTON, C.J., FINLEY, ROSELLINI, HUNTER, NEILL, STAFFORD, WRIGHT, and UTTER, JJ., concur.