[No. 1260-3.    Division Three.    December 1, 1975.]

*In the Matter of the Estate of* FREDIE HOFFMAN. CARL H. HOFFMAN, *Respondent,* v. THE DEPARTMENT OF REVENUE, *Appellant.*

*Slade Gorton, Attorney General, Timothy R. Malone, Senior Assistant,* and *Leroy E. Dreisbach, Assistant,* for appellant.

*Hamblen, Gilbert & Brooke, P.S., Philip S. Brooke, Jr.,* and *Fred G. Emry,* for respondent.

McINTURFF, C.J.—The Washington State Department of Revenue appeals from a judgment allowing a mortgage debt deduction on a Washington State inheritance tax return. We affirm allowance of the deduction, and remand for determination of the amount.

The Hoffman family had leased and farmed land in Lincoln County since the 1920's. The mother, though of declining health prior to her death, continued to reside on the family farm, tending her garden and raising chickens. In 1956 the owners of the lease property advised the Hoffmans that the property was to be sold and that the Hoffmans were to be given a right of first refusal. Carl Hoffman, the son and manager of the family farm, undertook the purchase and financing of the lease property by giving back two mortgages. To satisfy the mortgagees' demands for additional security on the debt, Carl included in the mortgages separate property owned by his mother and signed for his mother on each promissory note which the mortgages secured, pursuant to a power of attorney. The mortgages were then recorded. The mother's separate property is the land at issue in this action.

The mother died on February 10, 1967. Probate was begun and notice to creditors published in March 1967. However, the mortgagees filed no creditor claims. Carl, as executor of the estate, claimed a deduction for the mortgage debts against his mother's separate property on a federal estate tax return and Washington State inheritance tax return. The deduction was disallowed on the federal return for reasons unknown. The Department of Revenue also disallowed the deduction on the state return for reasons unknown. The findings of the Department of Revenue were rejected by the Superior Court and the deduction allowed. The Department of Revenue appeals pursuant to RCW 83.32.050.

The Department of Revenue raises three arguments in support of disallowance of the mortgage debt deduction. There may first be some question whether the deduction must be disallowed at the state level because it was disallowed at the federal level.

▆ At the federal level the mortgage debt deduction was disallowed and the decedent's realty valued for estate tax purposes at its fair market value, free of the mortgage encumbrances. The estate has accepted this valuation for federal estate tax purposes. This fair market value as determined for federal estate tax purposes is binding upon the State and must be used as the gross value of the estate property for state inheritance tax purposes.[1] But this use of the federal valuation is not of itself a bar to claiming other deductions allowed by state law from Washington State inheritance tax.[2] It is not for the State to look to federal law to find permissible deductions, but for the federal to look to the state.[3] For instance, state law provides for deduction of "debts owing by the decedent at the time of [her] death, . . . allowed or established within the time provided by law"[4] such as these mortgage debts.

---

[1] RCW 83.40.040.

[2] *See Wittwer v. Pemberton*, 188 Wash. 72, 74, 61 P.2d 993 (1936).

[3] 26 U.S.C. § 2053(a) (1967).

[4] RCW 83.04.013.

The department argues that the mortgage debt deduction must be disallowed because the mortgagees failed to file creditor claims against the estate, thus barring their debts under the nonclaim statute.[5] We disagree.

The estate in the present action is claiming the mortgage debts as "debts owing by the decedent at the time of [her] death, . . . allowed or *established* within the time provided by law."[6] (Italics ours.) Because the estate had record notice of the mortgages, and Carl, as executor, had actual notice of the mortgages,[7] the mortgages were an exception to the nonclaim statute.[8] The mortgages were established as debts against the estate without creditor claims to the extent the mortgagees seek no deficiency judgment as general creditors of the estate in foreclosure.[9] From this we conclude a percent of the mortgage debts was also "established" for the purpose of inheritance tax deduction. The estate holds an equitable right of contribution from the joint obligors on the mortgage notes which right offsets, in some percent not shown by the record, the full deduction to which the estate should otherwise be entitled.[10] The percentage right of contribution offsetting the deduction is to be determined by reference to the agreed percentage liability of the joint obligors on the mortgage notes. For example, if two joint obligors have each assumed equal liability with the decedent on the mortgage notes, the estate would be entitled to a two-thirds right of contribution after payment of the mortgage debts. This two-thirds right of contribution would offset the full deduction, leaving one-third of the mortgage debts deductible by the estate. It is necessary to remand the case to

---

[5]Laws of 1923, ch. 142, § 3, p. 458 (former RCW 11.40.010). Because this probate was begun in 1967, laws in effect at that time must control.

[6]RCW 83.04.013.

[7]RCW 65.08.070.

[8]*Gilkes v. Beezer*, 4 Wn. App. 761, 764, 484 P.2d 493 (1971).

[9]*Storlie v. Sachse*, 165 Wash. 291, 296, 5 P.2d 342 (1931); *Locke v. Andrasko*, 178 Wash. 145, 154, 34 P.2d 444 (1934).

[10]*See In re Estate of Kershaw*, 352 Pa. 205, 42 A.2d 538, 539 (1945).

determine the estate's percentage right of contribution.[11] Though the court concluded contribution to be worthless, its true value is something for the future to disclose if and when contribution is actually demanded, and has no bearing on the present inquiry.

As a further limitation, we hold that the amount of the deduction may not exceed the appraised value of decedent's property at the time of death, this being the maximum amount recoverable at death in foreclosure by these mortgagees who have filed no creditor claims. Because the mortgagees may recover no deficiency judgment as general creditors of the estate in foreclosure, we allow no inheritance tax deduction by the estate for any potential deficiency amount.

We foresee an unfair result from disallowance of the deduction. Washington State inheritance tax is an excise tax to be measured by the value of property received by each heir or legatee.[12] Mrs. Hoffman's heirs have received encumbered property which they may retain only by payment of the mortgage debts. The heirs have not received the full, unencumbered value of the property, the receipt of which the State seeks to tax at its full, unencumbered value. The mortgage debts are not barred by the nonclaim statute but may be recovered in foreclosure against the property which still stands as security for their payment. To conclude that failure of the mortgagees to file creditor claims bars a deduction by the estate of these mortgage debts would be to levy an inheritance tax measured by value not received by the heirs.

The Department of Revenue further argues that decedent signed the mortgage notes as an accommodation maker, and hypothecated her separate property for performance of her surety obligation. It is argued that this created a contingent obligation and not "a debt owing by the decedent at the

---

[11]If the agreement between the joint obligors cannot be determined with reasonable certainty, the amount of the deduction may be compromised pursuant to the procedure of RCW 83.44.070.

[12]*In re Estate of Stoddard*, 81 Wn.2d 226, 229, 500 P.2d 1249 (1972); *In re Estate of Wilson*, 8 Wn. App. 519, 523, 507 P.2d 902 (1973).

time of [her] death, . . ." However, the trial court found decedent had signed as a comaker, to preserve for herself her accustomed life on the farm. Specifically, the court found that "the indebtedness was represented by a valid mortgage against the decedent's land."

To aid us in interpretation of this finding we turn to the trial court's oral opinion, where it is said, "I think that the mortgage was a valid mortgage against Fredie Hoffman's land and that the estate is entitled to a deduction for it."[13] We think it apparent from this statement that the trial court found Fredie Hoffman to have undertaken a primary obligation for which she was first liable, and from which her estate should benefit. A later statement by the trial court concerning Fredie Hoffman's worthless right of contribution as a surety is equivocal, and not a finding of suretyship.[14] The finding that decedent assumed a primary obligation owing at her death is substantially supported by the direct testimony of Carl Hoffman and will not be disturbed on appeal.[15]

It is lastly argued that decedent made a gift of her credit to her son for purchase of the lease property, which gift was in contemplation of death and subject to inheritance tax.[16] The trial court found that decedent lacked any donative intent, intending only to preserve for herself her ac-

---

[13]*Dickson v. United States Fidelity & Guar. Co.*, 77 Wn.2d 785, 791, 466 P.2d 515 (1970).

[14]In its oral decision the court said, "Now, it has been pointed out that if she were an accommodation maker she had a right of contribution. However, the right of contribution is worthless in this case because the Clark Property was fully mortgaged. This transaction may have inadvertently added tax benefits to this estate, but that's the way it goes." The court also concluded, "If the decedent was an accommodation maker with respect to the mortgage indebtedness, her right of contribution was worthless in this case because the Clark Property was fully mortgaged."

[15]"Q And did your mother join in those instruments?

"A She did.

". . .

"Q And was there any discussion that took place at that time, Mr. Hoffman, to the effect that your mother was not liable on this debt?

"A No."

[16]RCW 83.04.010(2).

customed life on the farm.[17] According to direct testimony of Carl Hoffman, loss of the lease property would make it financially impossible for the Hoffmans to continue farming. As stated by the court, "So, consequently, Fredie Hoffman did what she had to do to keep things going as they had gone for many years. She did loan her credit here, and she made it possible by so doing, for things to go on as they had in the past."

We find it apparent from the record that Fredie Hoffman received the undertaking of her joint obligors on the mortgage notes in consideration for her personal assumption of a percent of the mortgage debts. By so doing, the decedent made it possible for herself to continue working in her garden and raising chickens. Finding substantial evidence that decedent had no donative intent, we are bound by the finding of the trial court.

Judgment of the Superior Court allowing the deduction is affirmed and the case remanded for entry of findings on the estate's percentage right of contribution and determination of the amount of the deduction, consistent with this opinion.

GREEN and MUNSON, JJ., concur.

Petition for rehearing denied May 10, 1976.

Review denied by Supreme Court August 31, 1976.

---

[17]The trial court found, "Decedent did not desire to make a gift in contemplation of death." From this, the court concluded, "The decedent's execution of a power of attorney in favor of her son on November 11, 1966, and his subsequent actions pursuant thereto, wherein the decedent allowed him to mortgage her real property did not constitute a gift in contemplation of her death, nor a gift of any kind whatsoever."