GENEVIEVE MAE NEWTON, EXTRX.,

*etc., et al.*

*v.*

RICHARD L. DAILEY,

TAX COMMR., *etc.*

(No. 14298)

Decided July 7, 1981.

*Chauncey H. Browning,* Attorney General, *Gene W. Bailey,* Assistant Attorney General, for appellant.

No appearance for appellees.

MILLER, JUSTICE:

The State Tax Commissioner appeals from an adverse judgment of the Circuit Court of Cabell County, which held that the entire amount of a joint debt should be deducted from the deceased's property interest in determining the fair market value of jointly-owned real estate for inheritance tax purposes. We disagree and reverse.

George T. Newton died jointly owning several parcels of real estate with his wife with a right of survivorship. The property had an appraised fair market value of $156,500.00, excluding the joint indebtedness owed on the property, which amounted to approximately $52,400.00. The fiduciary filed the State Inheritance and Transfer Tax Return taking the entire amount of the indebtednes as a deduction from the deceased's one-half share of the property. The Tax Commissioner then issued a deficiency assessment and the estate contested the assessment in the Circuit Court of Cabell County. As previously noted, the judge held that the estate had correctly calculated the net taxable value of the jointly-owned property.

The Tax Commissioner contends that where there is a surviving spouse W. Va. Code, 11-11-1, imposes an

inheritance and transfer tax on not more than fifty per centum of the value of jointly-owned property which has the incidence of the right of survivorship, as provided by subsection (d) of that statute. W. Va. Code, 11-11-1(d).[1]

This controversy arises over an interpretation of W. Va. Code, 11-11-5, which determines the market value of property for purposes of our State inheritance tax. This Code section permits the "deducting [of] debts and encumbrances for which the [property] is liable" from the actual market value of the property.[2]

This statute does not spell out in any detail how debts against jointly-owned real estate are to be deducted. However, we will read related statutes *in pari materia*. *Snodgrass v. Sisson's Mobile Home Sales, Inc.*, 161 W. Va. 588, 244 S.E.2d 321, 324 (1978). Customary rules of construction dictate that "[s]tatutes which relate to the same subject matter should be read and applied together

---

[1] The material portions of W. Va. Code, 11-11-1, are:

"A tax, payable into the treasury of the State, shall be imposed upon the transfer, in trust, or otherwise, of any property, or interest therein, real, personal, or mixed, if such transfer be:

\* \* \* \* \* \* \* \*

"(d) by any person who shall transfer any property which he owns, or shall cause any property to which he is absolutely entitled to be transferred to or vested in himself and any other person jointly, with the right of survivorship, in whole or in part, in such other person, a transfer shall be deemed to occur and to be taxable under the provisions of this article upon the vesting of such title in the survivor ... *Provided ... that in the case of a surviving spouse, not more than fifty per centum of the value of any transfer mentioned in this subdivision (d) shall be included and taxed in any such decedent's estate.*" [Emphasis added]

[2] The pertinent portion of W. Va. Code, 11-11-5, is:

"The market value of property is its actual market value after deducting debts and encumbrances for which the same is liable, and to the payment of which it shall actually be subjected. In fixing such market value, allowances shall not be made for debts incurred by the decedent, or encumbrances made by him, unless such debts or encumbrances were incurred or created in good faith for an adequate consideration, nor for any debt in respect whereof there is a right to reimbursement from any other estate or person, unless such reimbursement from any other estate or person cannot be obtained."

so that the Legislature's intention can be gathered from the whole of the enactments." Syllabus Point 3, *Smith v. State Workmen's Compensation Commissioner*, 159 W. Va. 108, 219 S.E.2d 361 (1975). Reading W. Va. Code, 11-11-5, with the following pertinent provisions of W. Va. Code, 11-11-1(d), reveals "that in the case of a surviving spouse, not more than fifty per centum of the value of any transfer [of jointly-owned property with the right of survivorship] shall be included and taxed in any such decedent's estate." This language indicates the Legislature intended to tax jointly-owned survivorship property by including fifty per centum of its value in the deceased spouse's estate.

The question of what is fifty per centum of the value of jointly-owned survivorship property is then answered by W. Va. Code, 11-11-5, which permits the deduction of debts and encumbrances against the actual market value of the property to arrive at its taxable value. This statute, however, qualifies the right to deduct such debt by providing that:

> "[A]llowances shall not be made for debts incurred by the decedent, or encumbrances made by him, unless such debts or encumbrances were incurred or created in good faith for an adequate consideration, nor for any debt in respect whereof there is a right to reimbursement from any other estate or person, unless such reimbursement from any other estate or person cannot be obtained." W. Va. Code, 11-11-5.

There is no issue raised as to the good faith nature of the debts. The pivotal issue is the trial court's legal conclusion that there was no right of reimbursement on the joint debt as against the surviving widow. This conclusion was predicated on the court's finding that under W. Va. Code, 48-3-9, a contract between husband and wife is not enforceable unless it is in writing signed by the party to be charged.[3]

---

[3] The full text of W. Va. Code, 48-3-9, is:

"A contract between a husband and wife shall not be enforceable at law, unless such contract, or some memorandum or note thereof, be in writing and signed by the party to be charged thereby."

It does not appear to be disputed that the debts involved were jointly-executed notes signed by the husband and wife for loans obtained against the property secured by deeds of trust. The notes were contracts in writing signed by the parties and meet the requirements of W. Va. Code, 48-3-9. We discuss below that this written joint obligation gives rise to a right of contribution or reimbursement. We also note that under W. Va. Code, 48-3-8, a married woman may contract with any person and be held liable on such contract.[4]

Under our law, co-obligors on a note are jointly and severally liable. If one co-obligor is required to pay the entire obligation, he may seek contribution or reimbursement from his co-obligor for fifty per centum of the amount paid. *Cost v. MacGregor*, 124 W. Va. 204, 19 S.E.2d 599 (1942); *Bringardner v. Rollins*, 102 W. Va. 584, 135 S.E. 665 (1926); *McKown v. Silver*, 99 W. Va. 78, 128 S.E. 134 (1925); *Huffman v. Manley*, 83 W. Va. 503, 98 S.E. 613 (1919). This is the rule generally adopted in other jurisdictions. *E.g, Matter of the Estate of Linker*, 30 Colo. App. 25, 488 P.2d 1128 (1971); *McLochlin v. Miller*, 217 N.E.2d 50 (Ind. App. 1966); *Kelley v. Halperin*, 390 A.2d 1078 (Me. 1978); *Fithian v. Jamar*, 286 Md. 161, 410 A.2d 569 (1979); *Farmington National Bank v. Basin Plastics, Inc.*, 94 N.M. 668, 615 P.2d 985 (1980); *Montsinger v. White*, 240 N.C. 441, 82 S.E.2d 362 (1954); *Pietro v. Leonetti*, 30 Ohio St.2d 178, 283 N.E.2d 172 (1972); *In re Kershaw's Estate*, 352 Pa. 205, 42 A.2d 538 (1945); *Matter of the Estate of Fredie Hoffman*, 15 Wash. App. 307, 548 P.2d 1101 (1976); 11 Am.Jur.2d *Bills and Notes* §588 (1963); Hart & Willier, *Commercial Paper Under UCC* §5.05 (1976).

---

[4] W. Va. Code, 48-3-8, provides:

"A married person may make contracts with any person, including his wife or her husband, and shall be liable on such contracts, and for his or her debts contracted during coverture, the same as if unmarried, and such liability may be enforced after the coverture has terminated as well as during its continuance; but any contract made between husband and wife shall be subject to the provisions of section nine [§ 48-3-9] of this article."

In three of the foregoing cases, this question arose in the same context as this case, that is, the proper valuation for state inheritance tax purposes of jointly-held property with right of survivorship where both parties had signed on the note which secured the loan on the real estate. Under inheritance tax statutes similar to ours, the courts held that fifty per centum of the amount of the debt should be deducted from the deceased's one-half of the fair market value of the property. *Kelley v. Halperin, supra; In re Kershaw's Estate, supra; Matter of the Estate of Fredie Hoffman, supra.*

Although the point has not often been discussed, the common law rule, which precluded an action against a deceased co-obligor and required the creditor to sue only the surviving co-obligor, has been changed by statute. W. Va. Code, 55-8-6.[5] This statute now charges the estate for such joint debt to the same extent as the deceased obligor would have been charged had he lived. *Citizens' Trust & Guaranty Company v. Young,* 75 W. Va. 241, 83 S.E. 1007 (1914); *Greathouse v. Morrison,* 68 W. Va. 714, 70 S.E. 710 (1911); 8A Michie's Jurisprudence, *Executors and Administrators* §100 (1977); 1 Am.Jur.2d *Abatement, Survival, and Revival* §109 (1962). Consequently, a deceased's estate having a continuing co-obligation on a joint note secured by a deed of trust with a surviving spouse has a right of reimbursement under W. Va. Code, 11-11-5. The estate, therefore, can deduct fifty per centum of the obligation from the one-half of the actual market value of the jointly-owned property taxable in the deceased's estate under W. Va. Code, 11-11-1(d).[6]

---

[5] W. Va. Code, 55-8-6, provides:

"The representative of one bound with another, either jointly or as a partner, by judgment, bond, note or otherwise, for the payment of a debt, or the performance or forbearance of an act, or for any other thing, and dying in the lifetime of the latter, may be charged in the same manner as such representative might have been charged, if those bound jointly or as partners had been bound severally as well as jointly, otherwise than as partners."

[6] It is obvious that once this debt is deducted against the actual market value of the property, it cannot be taken again as a part of the

There is a fundamental logic to W. Va. Code, 11-11-5, which formulates the market value of property subject to the transfer and inheritance tax as the actual market value less the amount of any bona fide debt owing against the property. Such a debt obviously reduces the market value of the property. Furthermore, where the debt is jointly owed, as is the case here, the deceased has a right of reimbursement against the other co-obligor for fifty per centum of the debt. To this extent, the statute recognizes his right of reimbursement and precludes the taking of the entire indebtedness as a deduction against the decedent's valued share of the property.[7]

For the foregoing reasons, we conclude that the trial court was in error in permitting the entire amount of the indebtedness to be deducted against the decedent's share of the real estate and its judgment is, therefore, reversed.

*Reversed.*

---

general obligations for which the estate is liable. 8A Michie's Jurisprudence, *Executors and Administrators* §88 (1977).

[7] No claim is made that facts exist to justify the statutory exception to the right of reimbursement, i.e., that "such reimbursement from any other estate or person cannot be obtained." W. Va. Code, 11-11-5.