321 S.E.2d 694

**WHEELING BARBER COLLEGE, etc., et al.**

v.

**E.B. ROUSH, etc., et al.**

**No. 16097.**

Supreme Court of Appeals of West Virginia.

Oct. 17, 1984.

---

Jolyon W. McCamic, McCamic & McCamic, Wheeling, for relators.

David Patrick Lombert, Asst. Atty. Gen., Charleston, for respondents.

Stephen D. Herdon, Wheeling, for intervenors.

NEELY, Justice:

This is an original proceeding in mandamus in which the relators ask this Court to compel the State Board of Barbers and Beauticians to insert permanent waving into the curriculum of this State's barber schools and to conduct examinations—to certify instructors to teach and to certify barbers to practice permanent waving. After examining the allegations of the relators and the law in the State regulating barbers and beauticians, we conclude that the relators have failed to establish that they have a clear legal right to the relief sought. Accordingly, we decline to issue the writ of mandamus.

■ West Virginia regulates barbers and beauticians "as an incident to policing the health and welfare of the citizens of the State." *Thorne v. Roush,* 164 W.Va. 165, 261 S.E.2d 72, 74 (1979). To this purpose the legislature has enacted statutes controlling the hair-care trade. The Board of Barbers and Beauticians is the administrative agency authorized to "promulgate rules and regulations pertaining to the licensure and qualification of barbers, beauticians ... and curricula and standards of instruction for schools of barbering and beauty culture." *W.Va.Code* 30–27–1(a) [1980]. Although this power is concurrent with, and limited by, that of the State Department of Health, *W.Va.Code* 16–14–1 [1977], the day-to-day administration of barbers and beauticians remains with the Board.

■ The services barbers and beauticians may provide are distinguished in *W.Va.Code* 16–14–2 [1959] (listing the services that each is entitled to render and authorizing only beauticians to give permanent waves) and *W.Va.Code* 30–27–7 [1980] (limiting barbering to barbershops and beauty culture to beauty shops). Although *W.Va.Code* 30–27–3 [1980] authorizes the State Board of Barbers and Beauticians to promulgate rules and regulations to establish a joint barber-beautician license, none has yet been promulgated. A joint license could, presumably, abolish the distinctions of *W.Va.Code* 16–14–2 [1959]. However, if the Board wishes to combine the tonsorial services of barbers and beauticians, or simply to permit barbers to offer, and barbering schools to teach, permanent waves, the Board must comply with the procedures of the Administrative Procedures Act. *W.Va. Code* 30–27–8 [1983].

*W.Va.Code* 29A–3–1, *et seq.*, sets forth the rule-making procedures that an agency must follow before promulgating a new rule. Notice of, a text of, and the reasons for, the proposed rule must be filed in the state *Register* in the Secretary of State's office. Thereafter, a public hearing, after adequate notice, must be held before the rule is adopted. Judicial review of a new agency rule is provided for in *W.Va.Code* 29A–4–2 [1982].

■ The relators assert that the Board of Barbers and Beauticians "usurped and abused" its authority by circulating a memorandum on 7 November 1983 advising barbers that it was illegal for them to offer permanent waves.[1] In support of their pe-

---

1. The Board sent the following memorandum to all licensed barbers, beauticians and schools of barbering and beauty culture on 7 November 1983:

The question has come before this board as to whether barbers are permitted to perform permanent waving in barbershops within this State. This memorandum is to advise you that licensed barbers may not perform such services under the present statutes and regulations in effect. There are several reasons for this prohibition:

(a) The Board of Barbers and Beauticians has not authorized schools of barbering to include a permanent waving component in their curriculum. It is the Board's prerogative to deter-

mine whether such instruction should be excluded or allowed in barber colleges; and

(b) The Board of Barbers and Beauticians does not test applicants for a barber's license on the subject of permanent waving, and that skill is therefore not within the scope of a barber's license. Accordingly, permanent waving constitutes a "business or trade other than that of barbering" and may not be conducted in a barbershop, since such activity is prohibited by *W.Va.Code,* ch. 30, art. 27, sec. 7.

Of course, licensed barbers who have obtained licensure as both a barber and a beautician are permitted to do permanent waving, but only in a licensed beauty shop.

tition for mandamus relief, the relators argue that this letter constitutes an improper retraction of a previous resolution permitting barbers to perform permanent waves. Although the existence of this resolution is hotly contested, determination of that issue is irrelevant. Any resolution of a regulatory agency governed by the Administrative Procedures Act remains a nullity and provides no one with a clear legal right to judicial relief, until the statutory mechanisms set forth in the Act for its promulgation are complied with.

 Although it appears that the Board of Barbers and Beauticians has vascillated in recent years on the question of whether barbers should be allowed to perform permanent waving, the Board has not promulgated any formal regulation that would override the distinction maintained in *W. Va. Code* 16–14–2 [1959] that allows only beauticians to perform permanent waving, nor has it established a joint barber-beautician license. Furthermore, no resolution of the Board permitting barbers to offer perms had a public hearing, after adequate notice. Therefore, a rule expanding the ranks of permanent waving offerors does not exist.

The Board's memorandum of 7 November 1983 appears simply to be a restatement of the traditional distinction between barbers and beauticians that does not allow barbers to give permanents or beauticians to shave and trim beards. The Board has merely shifted from a policy of non-enforcement to one of enforcement of the statutes strictly separating barbers and beauticians.

This Court has held consistently that "[a] writ of mandamus will not issue unless three elements coexist—(1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of the respondent to do the thing which the petitioner seeks to compel: and (3) the absence of another adequate remedy." Syl. of

On the other hand, licensed beauticians are not authorized to do shaving, shaping, or trimming of the beard of male patrons in a licensed beauty shop.

*Vanmeter v. W. Va. Dept. of Motor Vehicles,* 173 W.Va. 129, 313 S.E.2d 405 (1984); Syl.Pt. 2 of *McGrady v. Callaghan,* 161 W.Va. 180, 244 S.E.2d 793 (1978). Not one of the three elements essential to the issuance of a writ of mandamus exists in the case before us. Accordingly, the writ of mandamus prayed for in this proceeding is denied.

Writ Denied.

The position of the Board as set forth in this memorandum is supported by an opinion of The Honorable Chauncey H. Browning, Attorney General of the State of West Virginia, issued on September 2, 1981.