330 S.E.2d 682

**HUNTINGTON HUMAN RELATIONS COMMISSION, ex rel. Jesse Thomas JAMES**

v.

**REALCO, INC., etc.**

**No. 16484.**

Supreme Court of Appeals of West Virginia.

Submitted April 30, 1985.

Decided May 29, 1985.

George A. Stolze, Huntington, for appellant.

James W. St. Clair, Marshall & St. Clair, Huntington, for appellee.

NEELY, Chief Justice:

Each party to this dispute bases its case on a different Latin phrase. The appellant, Huntington Human Relations Commission, insists that *W. Va. Code* 8–12–2(c) [1969] and *W. Va. Code* 5–11–12 [1967] must be read *in pari materia* with one another to enable the Commission to issue a subpoena duces tecum to compel the production of documents. Respondent Realco, however, counters by stating *"expressio unius est exclusio alterius"* and maintains that the Legislature, in enacting *W. Va. Code* 5–11–12 [1967], implicitly denied local Human Relations Commissions the power of subpoena. This Court, with Solomonic prowess, holds that a city may delegate to its Human Relations Commission the right to seek a subpoena but upholds the Circuit Court of Cabell County in this instance because, even under the existing municipal ordinance, the proper procedure in seeking a subpoena duces tecum was not followed.

On 15 July 1983, an investigator of the Huntington Human Relations Commission served a subpoena duces tecum on Ms. Judith R. Barrett, the manager of a Burger King fast food restaurant that is locally owned and operated by Realco, Inc. The investigator sought certain books and records of the company while conducting an inquiry into a human rights complaint. Realco denied the investigator access to its files and refused to comply with the subpoena.

On 22 September 1983, the Commission instituted a contempt proceeding in the Circuit Court of Cabell County against Realco to which that company filed an answer asserting that the Huntington Human Relations Commission had no authority to subpoena. The circuit court dismissed the contempt complaint on 27 June 1984 holding that the West Virginia Legislature had not granted the power to issue subpoenas duces tecum to investigators for Human Relations Commissions.

■ This Court agrees with the appellants that the West Virginia Legislature intended to authorize local governmental subdivisions to clothe local Human Relations Commissions with subpoena powers. *W. Va. Code* 5–11–12 [1967] provides as follows:

(a) The legislative body of a political subdivision may, by ordinance or resolution, authorize the establishment or membership in and support of a local human relations commission. The number and qualifications of the members of any local commission and their terms and method of appointment or removal shall be such as may be determined and agreed upon by the legislative body, except that no such member shall hold office in any political party.

(b) The legislative body of any political subdivision shall have the authority to appropriate funds, in such amounts as may be deemed necessary, for the purpose of contributing to the operation of a local commission.

(c) The local commission shall have the power to appoint such employees and staff, as it may deem necessary, to fulfill its purpose.

Clearly, without the subpoena power, a local human relations commission would be

little more than a exhortatory, but toothless, tiger. Thus, to give the beast some teeth, *W. Va. Code* 5–11–12 [1967] must be read *in pari materia* with *W. Va. Code* 5–11–8(d)(1) [1981], which gives the West Virginia Human Rights Commission the power to:

Issue subpoenas and subpoenas duces tecum upon the concurrence of at least five members of the commission, administer oaths, take the testimony of any person under oath, and make reimbursement for travel and other reasonable and necessary expenses in connection with such attendance ...

■ This Court has frequently held that statutes, which are not inconsistent with one another and which relate to the same subject matter should be read and construed together to effect legislative intent. *See, e.g., Manchin v. Dunfee,* 174 W.Va. 532, 327 S.E.2d 710 (1984); *State ex rel. Miller v. Locke,* 162 W.Va. 946, 253 S.E.2d 540 (1979); *Smith v. State Workmen's Compensation Com'r,* 159 W.Va. 108, 219 S.E.2d 361 (1975); *State ex rel. Campbell v. Wood,* 151 W.Va. 807, 155 S.E.2d 893 (1967). None of the statutes cited by the respondent individually is sufficiently complete in and of itself to warrant application of the principle *"expressio unius est exclusio alterius."*

■ The power to subpoena may, by a proper ordinance and in conformity with the State Administrative Procedures Act, *W. Va. Code* 29A–1 *et seq.,* be delegated by a local governmental entity to a Human Relations Commission, organized under *W. Va. Code* 5–11–12 [1967]. The Commission must, of course, acquire all subpoenas from the appropriate circuit court under *W. Va. Code* 8–12–2(c) [1969]. That subsection reads, in relevant part:

Any city is hereby authorized and empowered to require, for the purpose of inquiring into and investigating matters of concern to the city or its inhabitants, the attendance and testimony of witnesses and the production of evidence. In case of the failure or refusal of a witness to appear and testify or to produce evidence, the governing body may invoke the aid of the circuit court of the county in which the city or the major portion of the territory thereof is located. Upon proper showing, the circuit court shall issue an order requiring the witness to appear and give testimony and produce evidence concerning the matter in question. A person who fails or refuses to obey the order of the circuit court may be punished by the court as for contempt ...

■ The City of Huntington has, accordingly, delegated to its Human Relations Commission the power to subpoena. *Huntington City Code* § 2–26.4(d)(2) grants the local Human Relations Commissioner the right to "issue subpoenas and subpoenas duces tecum upon the concurrence of at least five (5) members of the commission ..." This Court presumes that the "right" mentioned in that ordinance refers to a request to issue subpoenas from the circuit court but we recommend amending the ordinance to reflect this requirement more clearly. In a similar vein, the *City of Huntington Human Relations Commission Rules and Regulations* 7.10(a) should be revised to reflect the necessity of a five-member concurrence by the Board of the Human Relations Commission before any subpoena is requested from the circuit court. *See W. Va. Code* 5–11–8(d)(1) [1981].[1]

■ In this case, the Commission as a body never requested the subpoena pursu-

---

1. This Court stresses, however, that it guards the power of subpoena jealously. Therefore, any agency that is granted the power to seek a subpoena by statute must exercise that power strictly in conformity with the provisions of *W. Va. Code* 29A–5–1(b) [1964]. That subsection states unequivocally that "[u]nder no circumstances shall this chapter be construed as granting the power to issue subpoenas or subpoenas duces tecum to any agency or to any member of the body of any agency which does not now by statute expressly have such power. When such power exists the provisions of this section shall apply." Any deviation from this, and other relevant statutory provisions, will be regarded as *ultra vires.*

ant to its own rules and regulations. Rather a solitary investigator undertook to compel the respondent, Realco, to produce material for his ongoing investigation. This investigator clearly exceeded his statutory authority and for that reason we affirm the holding of the court below.

Affirmed.