IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2022 Term

_____

No. 21-0263
_____

FILED

**November 3, 2022**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA
Plaintiff Below, Respondent,

v.

IZZAC CHRISTOPHER WEISTER,
Defendant Below, Petitioner.

_____

Appeal from the Circuit Court of Jefferson
The Honorable David Hammer, Judge
Case No. CC-19-2020-F-9

AFFIRMED
_____

Submitted: September 27, 2022
Filed: November 3, 2022

Kevin D. Mills, Esq.
Shawn R. McDermott, Esq.
MillsMcDermott, PLLC
Martinsburg, West Virginia
Counsel for Petitioner

Patrick Morrisey, Esq.
Attorney General
Lara K. Bissett, Esq.
Assistant Attorney General
Charleston, West Virginia
Counsel for Respondent

JUSTICE WOOTON delivered the Opinion of the Court.

**SYLLABUS BY THE COURT**

1.    "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995).

2.    "In determining whether a misdemeanor or felony involves an "act of violence against a person" pursuant to W. Va. Code § 27-6A-3 (2007), a court's analysis is not limited by whether an 'act of violence against a person' is an element of the offense." Syl. Pt. 1, *State v. George K.*, 233 W. Va. 698, 703, 760 S.E.2d 512, 517 (2014).

3.    "An 'act of violence against a person' within the meaning of W. Va. Code § 27-6A-3 (2007) encompasses acts that indicate the incompetent defendant poses a risk of physical harm, severe emotional harm, or severe psychological harm to children." Syl. Pt. 2, *State v. George K.*, 233 W.Va. 698, 703, 760 S.E.2d 512, 517 (2014).

4.    "Distributing and exhibiting material depicting minors engaged in sexually explicit conduct in violation of West Virginia Code § 61-8C-3 (2014) is a crime that 'involve[s] an act of violence against a person' within the meaning of West Virginia Code § 27-6A-3(h) (2013) because it derives from and is proximately linked to physical, emotional, and psychological harm to children."  Syl. Pt. 5, *State v. Riggleman*, 238 W. Va. 720, 798 S.E.2d 846 (2017).

i

5.      Soliciting a minor via a computer, West Virginia Code § 61-3C-14b (2020), and use of obscene matter with intent to seduce a minor, W. Va. Code § 61-8A-4 (2020), are crimes that involve "an act of violence against a person" within the meaning of West Virginia Code section 27-6A-3 (2007 & 2021), because these crimes pose a risk of physical harm, severe emotional harm, or severe psychological harm to children.

**WOOTON, Justice:**

The petitioner, Izzac Christopher Weister, appeals the March 8, 2021, order of the Circuit Court of Jefferson County, West Virginia, that found he was not competent to stand trial for his alleged crimes – two counts of solicitation of a minor via a computer[1] and one count of use of obscene matter with intent to seduce a minor[2] – and committed him to William R. Sharpe, Jr. Hospital for twenty-five years or until he regains competency and his criminal charges can be resolved. The petitioner argues that the court erred: 1) in finding the offenses of solicitation of a minor via a computer and use of obscene matter with intent to seduce a minor involved acts of violence against a person; and 2) in finding it had jurisdiction over him for a period of twenty-five years. Upon our careful review of the briefs, the parties' arguments, the appendix record, the applicable law, and all other matters before the Court, we affirm the circuit court's decision.

## I. Facts and Procedural Background

The petitioner is approximately twenty-three years old. His medical history indicates that he was exposed to drugs in utero. In 2017, he contracted a bacterial infection that caused extensive injury to the frontal and temporal lobes of his brain resulting in

---

[1] *See* W. Va. Code § 61-3C-14b (2020) (pertaining to solicitation of a minor via computer).

[2] *See* W. Va. Code § 61-8A-4 (2020) (concerning use of obscene matter with intent to seduce a minor).

extensive brain injuries; changes in personality, including increased impulsivity; poor judgment; disinhibition; difficulty regulating emotions; speech, auditory, and visual impairments; memory impairment; and sensory difficulties.

According to the criminal complaint filed on June 11, 2019, by Sgt. Keith Sigulinsky of the Ranson Police Department, the officer met with the fourteen-year-old victim's grandmother, who was also the victim's legal guardian. The grandmother told the officer that the previous evening the victim disclosed that she received some sexual messages from her half-brother, the petitioner, who was then nineteen years old. Sgt. Sigulinsky questioned the victim about the messages and learned that she had an Instagram application on her phone that contained the conversation between her and the petitioner.

The officer viewed the text conversation, which included the following exchange initiated by the petitioner: "Have you ever wondered what it would be like if u had sex with a brother?" The victim replied, "No. Why?" The petitioner then wrote, "Y Not Cutie." The victim replied, "For one you are my brother 2 you are 19." The petitioner responded, "So what[?]" The victim texted, "So I can't." The petitioner responded, "Yes, u can[,]" and then asked the victim, "Y can't u[?]" The victim responded that she was fourteen. The petitioner then texted that the victim was "sexy[,]" and again asked her, "Would u want to have sex with me." The victim replied that "[y]ou're my brother[,]" to which the petitioner replied, "So ur my half sister it's not a big deal." The petitioner continued that he "want[ed] to f—k u and I've been wondering what it would be like if me

2

and u had sex and I really want to f—k one of my sisters. And I picked u. I want to be with u." He later texted the victim, "Send me your boobs," followed by, "I want to f—k u." The petitioner also sent the victim a picture of his penis; however, the victim did not open that message. After the victim told her grandmother about the messages, the latter contacted the police the next day.

On January 21, 2020, the petitioner was indicted on two counts of soliciting a minor via a computer and one count of use of obscene matter with intent to seduce a minor. *See supra* notes 1 and 2. Following his indictment, the petitioner was evaluated by two experts regarding his competency to stand trial. The petitioner hired Dr. Sara Boyd, a forensic psychologist, who evaluated him and, in her report dated August 27, 2020, found that due to his brain injuries he was not competent and not substantially likely to attain competency. In October, 2020, the State hired Dr. David Clayman, also a forensic psychologist, to evaluate the petitioner. In his report dated December 22, 2020, Dr. Clayman concurred with Dr. Boyd's opinion that the petitioner was not competent to stand trial and that it was "highly unlikely that given Mr. Weister's history and the extent of his organic brain injury that he will be able to gain the requisite skills needed to achieve adjudicative competence within the timeframe permitted."

On January 5, 2021, the circuit court conducted a hearing in regard to the petitioner's competency. By order entered that same day, the court made the preliminary

3

finding that "[p]ursuant to W. Va. Code § 27-6A-3(a), and by agreement of the parties,[3] . . . [the petitioner] is ***not competent to stand trial and is unlikely to attain competency within the next three months.***" (Footnote added). However, the court specifically noted that the parties disagreed on the issue of whether the crimes charged in the indictment involved acts of violence. *See* W. Va. Code § 27-6A-3(g) and (h) (2007). The court instructed the parties to brief the issue and a hearing was scheduled to be held on March 8, 2021.

Following the parties' submission of briefs and their oral arguments, the circuit court found in its March 8, 2021, order that

> the indicted offenses, two counts of Solicitation of a Minor via a Computer, W. Va. Code § 61-3C-14b, and one count of Use of Obscene Mater [sic] with Intent to Seduce a Minor, W. Va. Code § 61-8A-4, are each felony offenses involving an act of violence against a person. W. Va. Code § 27-6A-3(h), *State v. George K.*, 233 W. Va. 698 (2014).

---

[3] A stipulation in regard to the petitioner's competency was filed on January 22, 2021, in which:

> 3. The State and defense counsel agree that based upon the opinions of the experts [referring to Dr. Boyd and Dr. Clayman] . . . , the Court should make the findings that the Defendant does not have a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and a rational, as well as factual, understanding of the proceedings against him and that the Defendant is not substantially likely to attain competency within the ensuing three months.

The stipulation noted the parties' disagreement in regard to "whether the indicted offenses involve an act of violence against a person[,]" and the agreement expressly did not cover this issue.

4

The court further found that the petitioner could have been convicted of the counts charged in the indictment but for the determination that he was not competent to stand trial. The court determined that it had jurisdiction over the petitioner for twenty-five years, which was the maximum sentence that he could have received upon conviction, and committed the petitioner to William R. Sharpe Jr. Hospital, finding that it was "the current least restrictive environment available to manage the defendant and allow for the protection to the public." The court also ordered that "a qualified forensic evaluator . . . conduct a dangerousness evaluation including the dangerousness risk factors within thirty days" of the petitioner's admission and render a report to the court within ten days after the evaluation was complete. It is from this order the petitioner appeals.

## II. Standard of Review

We have held that "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995); *accord State v. George K.*, 233 W.Va. 698, 703, 760 S.E.2d 512, 517 (2014). We examine the petitioner's assignments of error under this standard of review.

## III. Discussion

### A. Crimes Involving Acts of Violence Against a Person

The petitioner first argues that the circuit court erred in finding that the offenses of solicitation of a minor via a computer, W. Va. Code § 61-3C-14b, and use of

5

obscene matter with intent to seduce a minor, W. Va. Code § 61-8A-4, involved acts of

violence against a person within the meaning of West Virginia Code section 27-6A-3(h). [4]

---

[4]We readily dispense with two of the petitioner's convoluted arguments made in support of this assigned error. Specifically, he argues that the rule of lenity should apply to our interpretation of the phrase "involves an act of violence against a person" so as to afford him a favorable interpretation of that phrase, as well as a favorable application in regard to the maximum period of commitment he should have received. *See* W. Va. Code § 27-6A-3. He also argues that the charged offenses do not require extended supervision pursuant to West Virginia Code section 62-12-26 (2020) and therefore should not require extended jurisdiction under the criminal competency statute.

We reject these arguments for the following reasons: First, in *George K.*, this Court rejected the rule of lenity argument and determined that it is not applicable in the criminal competency context. *See* 233 W. Va. at 706, 760 S.E.2d at 520 (finding that the statute is not punitive in nature and, therefore, "the rule requiring the Court to construe penal statutes in favor of the defendant is inapplicable to the present case."). Second, the petitioner's argument that the competency statute should be read in pari materia with the extended supervision for sex offender statute, W. Va. Code § 62-12-26, also fails because the

> in *pari materia* rule of statutory construction applies . . . only when the particular statute is ambiguous: "'The rule that statutes which relate to the same subject should be read and construed together is a rule of statutory construction and does not apply to a statutory provision which is clear and unambiguous.' Syl. pt. 4, *Manchin v. Dunfee*, 174 W.Va. 532, 327 S.E.2d 710 (1984), quoting syl. pt. 1, *State v. Epperly*, 135 W.Va. 877, 65 S.E.2d 488 (1951)."

*Kimes v. Bechtold*, 176 W. Va. 182, 185, 342 S.E.2d 147, 150 (1986). Here, the petitioner's contention that the statutes should be read in pari materia is in direct conflict with his position that the statute is clear and unambiguous. Moreover, the two relevant statutes do not relate to the same subject. Extended supervision for convicted sex offenders necessarily involves a form of punishment that occurs as a result of a conviction. *See* Syl. Pt. 3, in part, *State v. Deel*, 237 W. Va. 600, 788 S.E.2d 741 (2016) ("The supervised release statute, West Virginia Code § 62-12-26, provides for an additional penalty to be imposed upon a person who is convicted of any of the enumerated sex offenses set forth therein."). In contrast, the criminal competency statute involves an individual who is charged with a crime but not convicted because he or she is deemed not competent to stand trial. Thus, these two statutes involve very different concepts, do not relate to the same subject, and should not be read in pari materia. *See Kimes*, 176 W. Va. at 185, 342 S.E.2d at 150.

He contends that this Court's prior decisions in *George K.*, 233 W.Va. 698, 760 S.E.2d 512, and *State v. Riggleman*, 238 W. Va. 720, 798 S.E.2d 846 (2017), were erroneously decided and asks this Court to overturn both cases. He asserts that the unambiguous, plain language, together with a "common sense reading" of the phrase "an act of violence against a person" contained in West Virginia Code section 27-6A-3(h), compel the conclusion that the charging statutes require that the offenses involve physical force and actual or threatened bodily injury. He further argues that even if the law enunciated in *George K.* and *Riggleman* applies, the offenses for which he is charged in this case do not involve an act of violence against a person.[5] The State counters that the law on this issue is well settled as it relates to this Court's interpretation of the meaning of "an act of violence against a person." Thus, the State contends that, applying this Court's precedents established in *George K.* and *Riggleman*, the petitioner's offenses involve acts of violence. *See* W. Va. Code § 27-6A-3. We agree with the State's position.

At the time the petitioner was indicted, West Virginia Code § 27-6A-3(h) (2007), provided:

> (h) If at any point in [criminal] proceedings the defendant is found not competent to stand trial and is found not substantially likely to attain competency, and *if the defendant has been indicted or charged with a misdemeanor or felony in which the misdemeanor or felony does involve an act of*

---

[5] The reason the petitioner seeks such a determination is that under West Virginia Code section 27-6A-3(g), if a person is indicted on a felony charge *not involving an act of violence against a person*, is found not competent to stand trial, and is not substantially likely to attain competency then the criminal charges are to be dismissed.

7

*violence against a person,* then the court shall determine on the record the offense or offenses of which the person otherwise would have been convicted, and the maximum sentence he or she could have received. A defendant shall remain under the court's jurisdiction until the expiration of the maximum sentence unless the defendant attains competency to stand trial and the criminal charges reach resolution or the court dismisses the indictment or charge. The court shall order the defendant be committed to a mental health facility designated by the department that is the least restrictive environment to manage the defendant and that will allow for the protection of the public. Notice of the maximum sentence period with an end date shall be provided to the mental health facility. The court shall order a qualified forensic evaluator to conduct a dangerousness evaluation to include dangerousness risk factors to be completed within thirty days of admission to the mental health facility and a report rendered to the court within ten business days of the completion of the evaluation. The medical director of the mental health facility shall provide the court a written clinical summary report of the defendant's condition at least annually during the time of the court's jurisdiction. The court's jurisdiction shall continue an additional ten days beyond any expiration to allow civil commitment proceedings to be instituted by the prosecutor pursuant to article five of this chapter. The defendant shall then be immediately released from the facility unless civilly committed.[6]

---

[6] The Legislature amended West Virginia Code section 27-6A-3 in 2021 and it currently provides:

(f) Subject to subsection (i) of this section, if at any point in the proceedings *a defendant who has been indicted or charged with a misdemeanor or felony involving an act of violence against a person is found not competent to stand trial and is found not substantially likely to attain competency* after having received competency restoration services for 180 days, he or she shall be placed in the least restrictive setting and shall remain under the jurisdiction of the court upon any conditions that the court considers appropriate and the charges against him or her shall be held in abeyance. . . .

*Id.* (emphasis and footnote added). At issue is whether the felonies for which the petitioner was indicted involved "an act of violence against a person." *Id.* As previously mentioned, this Court addressed this issue in *George K.*, 233 W. Va. 698, 760 S.E.2d 512, and *Riggleman*, 238 W. Va. 720, 798 S.E.2d 846.

In *George K.*, a case that involved the crimes of third-degree sexual assault and sexual abuse by a parent, guardian, custodian or person in position of trust, the circuit court determined that the petitioner was not competent to stand trial and was not likely to attain competency pursuant to West Virginia Code section 27-6A-3(h) (2007). *See* 233 W. Va. at 701, 760 S.E.2d at 515. The court further found that the crimes at issue involved "an act of violence against a person" pursuant to the competency statute and determined that it would maintain jurisdiction over the petitioner for a period of fifty years, which was the maximum possible sentence he would have received if he had been convicted of the crimes charged, or until he attained competency. *Id.* The defendant, who was committed to a mental health facility, appealed the court's ruling raising the exact issue here – that the circuit court erred in finding that the crimes with which he had been charged involved an

*Id.* (emphasis added). Based on a plain reading of this language, we reject the petitioner's argument that the 2021 amendment "makes clear that an offense that involves an act of violence against a person requires the risk of bodily injury to a person." The petitioner fails to cite to any specific language in the statute adding this alleged clarity, and our independent review of the 2007 and 2021 versions of the statute reveals that the language at issue is found in both and has not materially changed. Therefore, the law established in *George K.* and *Riggleman* controls.

9

act of violence under West Virginia Code section 27-6A-3(h). *See* 233 W. Va. at 701, 760 S.E.2d at 515.

On appeal, the Court undertook an examination of what an "act of violence" meant under West Virginia Code section 27-6A-3(h). [7] The Court rejected the notion that if "an act of violence" was not a specific statutory element of the crime charged then the crime did not fall within the meaning of "involved an act of violence against a person" under section 27-6A-3(h). *George K.*, 233 W. Va. at 709, 760 S.E.2d at 523. In other words, the elements of the crime charged did not limit the determination of what constitutes an "act of violence." *Id.* In this regard, the Court held that "[i]n determining whether a misdemeanor or felony involves an "act of violence against a person" pursuant to W. Va. Code § 27-6A-3 (2007), a court's analysis is not limited by whether an 'act of violence against a person' is an element of the offense." 233 W. Va. at 700, 760 S.E.2d at 515, Syl. Pt. 1.

We then analyzed whether "act of violence" required actual physical harm. The petitioner in *George K.*, like the petitioner herein, argued that the child victim did not suffer physical harm and therefore the crimes at issue did not involve acts of violence. We

---

[7] *See* Syl. Pt. 4, *Mace v. Mylan Pharm., Inc.*, 227 W. Va. 666, 714 S.E.2d 223 (2011) ("""The primary object in construing a statute is to ascertain and give effect to the intent of the Legislature." Syllabus point 1, *Smith v. State Workmen's Compensation Commissioner*, 159 W.Va. 108, 219 S.E.2d 361 (1975).' Syl. Pt. 3, *Davis Mem'l Hosp. v. W. Va. State Tax Comm'r*, 222 W.Va. 677, 671 S.E.2d 682 (2008).").

disagreed that actual physical harm was required; we found that the purpose of the competency statute is to protect the public and that the phrase "act of violence" is not limited to physical violence. *Id*. at 711, 760 S.E.2d at 525. Thus, we held that "an 'act of violence against a person' within the meaning of W. Va. Code § 27-6A-3 (2007) encompasses acts that indicate the incompetent defendant poses a risk of physical harm, severe emotional harm, or severe psychological harm to children." 233 W. Va. at 700, 760 S.E.2d at 515, Syl. Pt. 2. The Court determined that the crimes with which George K. was charged – third degree sexual assault and sexual abuse by a custodian – were crimes that cause severe emotional and psychological harm to children and were therefore crimes involving acts of violence within the meaning of West Virginia Code section 27-6A-3. 233 W. Va. at 711, 760 S.E.2d at 525, and Syl. Pt. 4.

Following its decision in *George K.*, the Court was presented with a case involving felony possession of child pornography, *see* W. Va. Code § 61-8C-3 (2014), and asked to determine whether that crime involved an act of violence to a person under West Virginia Code section 27-6A-3(h). *See Riggleman*, 238 W. Va. at 723, 798 S.E.2d at 849. Once again, the petitioner in that case, like the petitioner herein, focused on his lack of contact with the victims (the children depicted in pornographic images), arguing that the mere viewing of the images was not an "act of violence" required by the statute. We disagreed, noting that

> the issue is not whether the incompetent defendant *committed* an act of violence against a person; the language of West Virginia Code § 27-6A-3(h) does not require the State to make

11

that showing. Rather, the relevant inquiry is whether the crime charged *involves* an act of violence against a person.

*Riggleman*, 238 W. Va. at 725, 798 S.E.2d at 851 (emphasis added). The Court determined that the crime charged, possession of child pornography, involved an "act of violence," stating that "[i]t is axiomatic that child pornography harms children[.]" Specifically, the Court held that

> [d]istributing *and exhibiting material depicting minors engaged in sexually explicit* conduct in violation of West Virginia Code § 61-8C-3 (2014) is a crime that 'involve[s] an act of violence against a person' within the meaning of West Virginia Code § 27-6A-3(h) (2013) because it derives from and is proximately linked to physical, emotional, and psychological harm to children.

238 W. Va. at 723, 798 S.E.2d at 847, Syl. Pt. 5 (emphasis added).

In view of the foregoing, we decline the petitioner's invitation to overturn *George K.* and *Riggleman*. Significantly, we recognize that the petitioner's arguments in support of overturning these decisions are virtually identical to arguments that this Court considered and rejected therein. First, the petitioner argues, as did George K., that neither the crime of solicitation of a minor, W. Va. Code § 61-3C-14b, nor the use of obscene matter with intent to seduce a minor, W. Va. Code § 61-8A-4, includes as an element of the crime an "act of violence against a person." The petitioner contends that this fact alone is sufficient to find that neither crime involves an act of violence for purposes of West Virginia Code § 27-6A-3. However, in making this argument the petitioner disregards the fact that we expressly considered and rejected this very argument in *George K. See* 233

12

W. Va. at 709, 760 S.E.2d at 523. Moreover, the petitioner presents no new or novel legal basis which would cause us to revisit prior law on this point.

Next, we disagree with the petitioner's argument that there is no evidence that "suggests" he poses a risk of physical harm, severe emotional harm or severe psychological harm to other children. [8] Our focus in *George K.* was not only the victim in that case but also on the future harm that the defendant could inflict on children if he was not committed. *Id.* at 711, 760 S.E.2d at 525. Specifically, we found that "'[c]hildren are the most vulnerable of victims, suffering traumatic and frequently life-long physical and emotional damage.' *State v. Goff*, 203 W.Va. 516, 522, 509 S.E.2d 557, 563 (1998) (internal quotation omitted)[]" from these types of crimes. 233 W. Va. at 711, 760 S.E.2d at 525.

---

[8]Critically, in this type of proceeding there is no burden on the victim to show physical harm, severe emotional harm, or severe psychological harm; rather, the focus is on whether the petitioner's "acts . . . indicate the incompetent defendant poses a risk of physical harm, severe emotional harm, or severe psychological harm to children." *George K.*, 233 W Va. at 701, 760 S.E.2d at 515, Syl. Pt. 2. In any event, the petitioner's assertion that the victim did not suffer any harm is not supported by evidence.

Further, the fact that the victim did not open the picture of the penis that the petitioner sent to her is of no consequence. Again, the court's examination is focused on the petitioner's act of sending the picture and whether that act demonstrates that the petitioner "poses a risk of physical harm, severe emotional harm, or severe psychological harm to children." *Id.*

In *Riggleman*, the Court then applied the reasoning of *George K.* to the offense of possession of child pornography, a crime in which the defendant had no physical contact with the victims. 238 W. Va. at 722, 798 S.E.2d at 848. Nevertheless, we found

> [i]t is axiomatic that child pornography harms children and "the victimization of a child depicted in pornographic materials flows just as directly from the crime of knowingly receiving child pornography as it does from the arguably more culpable offenses of producing or distributing child pornography." *United States v. Norris*, 159 F.3d 926, 930 (5th Cir. 1998). The defendants who reproduce, distribute, or possess these images all play a part in sustaining this tragedy; they are all involved in the substantial network of child pornography that derives from violent sexual acts performed on children.

238 W. Va. at 728, 798 S.E.2d at 854. Thus, we had no problem finding that the "acts prohibited by West Virginia Code § 61-8C-3 are sufficiently involved with the victimization of the children harmed in the images that they trigger the application of West Virginia Code § 27-6A-3(h)." 238 W. Va. 728, 798 S.E.2d at 854.

In the instant case, the text messages and nude photograph sent to the victim were disturbing in that they clearly expressed the petitioner's desire to engage in sexual relations with a minor and clearly solicited the minor to engage in such conduct. Equally distressing was the petitioner's pursuit of the victim despite the fact that she was his half-sister.[9]

---

[9]Included in the appendix record are the petitioner's Dangerousness Risk Assessment that was performed April 23, 2021, and a Final Commitment Hearing Order ("Commitment Order") entered on April 25, 2022, both of which belie the petitioner's argument that he poses no risk of physical harm, severe emotional harm or severe psychological harm to other children. Specifically, in the risk assessment Dr. Nicholas

The petitioner was charged with two counts of soliciting a minor via a computer, West Virginia Code section 61-3C-14b, which provides:

> Any person over the age of eighteen, who knowingly uses a computer to solicit, entice, seduce or lure, or attempt to solicit, entice, seduce or lure, a minor known or believed to be at least four years younger than the person using the computer or a person he or she believes to be such a minor, in order to engage in any illegal act proscribed by the provisions of article eight, eight-b, eight-c or eight-d of this chapter, or any felony offense under section four hundred one, article four, chapter sixty-a of this code, is guilty of a felony and, upon conviction thereof, shall be fined not more than $5,000 or imprisoned in a state correctional facility not less than two nor more than ten years, or both.

*Id.* The petitioner was also charged with use of obscene matter with intent to seduce a minor, W. Va. Code § 61-8A-4, which provides:

> Any adult, having knowledge of the character of the matter, who knows or believes that a person is a minor at least four years younger than the adult, and distributes, offers to distribute or displays by any means any obscene matter to the person who is known or believed to be a minor at least four years younger than the adult, and such distribution, offer to distribute, or display is undertaken with the intent or for the purpose of facilitating the sexual seduction or abuse of the

---

Jasinski, a psychologist, indicates that the petitioner "has both static (historical unchanging) and dynamic (changeable) risk factors for future violence and/or sexual misconduct." It is also noted that since his hospitalization, the petitioner has demonstrated "problematic interpersonal behavior" on several occasions. When confronted about his behavior, the petitioner became "loud and angry[,]" denying any action on his part. Dr. Jasinski further notes that the petitioner's behavior "indicat[es] an ongoing difficulty maintain[ing] safe and appropriate boundaries and behavior with others . . . . He clearly continues to manifest problematic behavior that makes him inappropriate for release into the community." The recommendation was for the petitioner's placement in a facility with twenty-four-hour supervision and on-site mental health treatment services. Likewise, in the more recent Commitment Order, the circuit court noted the parties' agreement that the petitioner "*remains a substantial danger to himself and others. . . outside the hospital setting*[.]" (Emphasis added).

> minor, is guilty of a felony and, upon conviction thereof, shall be fined not more than $25,000, or imprisoned in a state correctional facility for not more than five years, or both. For a second and each subsequent commission of such offense, such person is guilty of a felony and, upon conviction, shall be fined not more than $50,000 or imprisoned in a state correctional facility for not more than ten years, or both.

*Id.* In light of our analysis in *George K.* and *Riggleman*, it is beyond argument that both of the crimes charged herein involve the same type of acts involved in our precedents – acts that pose a risk of physical harm, severe emotional harm, or severe psychological harm to children. *See George K.*, 233 W. Va. at 700, 760 S.E.2d at 515, Syl. Pt. 2; *accord Riggleman*, 238 W. Va. at 721, 798 S.E.2d at 722, Syl. Pt. 4. We therefore hold that soliciting a minor via a computer, West Virginia Code § 61-3C-14b (2020), and use of obscene matter with intent to seduce a minor, W. Va. Code § 61-8A-4 (2020), are crimes that involve "an act of violence against a person" within the meaning of West Virginia Code section 27-6A-3 (2007 & 2021), because these crimes pose a risk of physical harm, severe emotional harm, or severe psychological harm to children.

### B. Calculation of Maximum Sentence for Purposes of Criminal Competency

The petitioner argues that his maximum sentence should have been based solely on his most serious offense and that the circuit court erred in finding it had jurisdiction over him for twenty-five years. In our resolution of this issue, we are guided by two separate lines of analysis. First, West Virginia Code § 27-6A-3(h) (2007),[10] which

---

[10]The 2021 version of the statute now reads:

16

was in effect at the time of the petitioner's competency determination, provided that where

a defendant was found not competent, the circuit court was to

> determine on the record the offense or offenses of which the person otherwise would have been convicted, and the *maximum sentence he or she could have received*. A defendant shall remain under the court's *jurisdiction until the expiration of the maximum sentence unless the defendant attains competency to stand trial and the criminal charges reach resolution or the court dismisses the indictment or charge.*

---

> If, at the end of the maximum period for inpatient competency restoration treatment as provided in this subsection, the court finds that the defendant has not attained competency and is not substantially likely to attain competency in the foreseeable future, the defendant shall be released to the least restrictive setting upon any conditions the court determines to be appropriate and the charges against him or her held in abeyance for the maximum sentence he or she could have received for the offense and the defendant released unless civil commitment proceedings have been initiated pursuant to § 27-5-1 *et seq*. of this code. Notwithstanding anything in this article to the contrary, the court, in its discretion, may continue its oversight of the individual and the court's jurisdiction over the individual: *Provided*, That notwithstanding any provision of this article to the contrary, an individual may not be released as provided in this subsection until the court reviews and approves a recent dangerousness risk assessment of the individual and the chief medical officer's recommended release plan for the individual based on the needs of the individual and the public. The court shall order the discharge of the individual if it finds by a preponderance of the evidence that the individual has recovered from his or her mental illness and that he or she no longer creates a substantial risk of bodily injury to another person.

W. Va. Code § 27-6A-3(g)(2) (2021).

*Id.* (emphasis added). In this regard, the maximum sentence the petitioner could have received for two counts of soliciting via a computer was consecutive ten-year terms of imprisonment,[11] and the maximum sentence the petitioner could have received for one count of use of obscene matter with intent to seduce a minor was a five-year term of imprisonment, also consecutive;[12] thus, the maximum sentence the petitioner could have received upon conviction of all counts was twenty-five years. Accordingly, the circuit court did not err in its calculation of the maximum sentence for purposes of determining the potential length of its jurisdiction over the petitioner. *See* W. Va. Code § 27-6A-3(h).[13]

Second, as previously mentioned, West Virginia Code section 27-6A-3 was amended in 2021, and our resolution of this issue is also guided by section 27-6A-3(l) in the amended statute:

---

[11] *See* W. Va. Code § 61-3C-14b (providing for a term of incarceration of "not less than two nor more than ten years").

[12] *See id.* § 61-8A-4 (providing for a term of imprisonment "in a state correctional facility for not more than five years" for the first conviction).

[13] We reject the petitioner's attempt to advance a thinly veiled double jeopardy argument, in reliance on law from another jurisdiction, by contending that he could not have legally received consecutive sentences for two alleged violations of West Virginia Code section 61-3C-14b(a). Succinctly stated, the petitioner has neither been convicted of nor sentenced on any of the crimes charged; therefore, double jeopardy principles, which apply only to sentences which impose multiple punishments for the same crime, are inapplicable to this case. *See generally* Syl. Pt. 3, *State v. Sears*, 196 W. Va. 71, 468 S.E.2d 324 (1996) ("The purpose of the Double Jeopardy Clause is to ensure that sentencing courts do not exceed, by the device of multiple punishments, the limits prescribed by the legislative branch of government, in which lies the substantive power to define crimes and prescribe punishments.").

18

(l) Notwithstanding anything in this article to the contrary, for each individual who is committed to a state hospital, or committed to a state hospital and diverted to a licensed hospital prior to the effective date of the amendments to this section enacted during the regular session of the Legislature, 2021, who has received or will receive the maximum amount of competency restoration treatment authorized under this section prior to January 1, 2022, and who the medical director of the hospital and the court have determined is not restorable, the medical director shall inform the court and prosecutor of record for each such individual as soon as practicable but no later than March 31, 2022. The medical director shall immediately provide a recommendation to the court and prosecutor for the clinical disposition, placement, or treatment of each individual. The state hospital or prosecutor shall thereafter file a civil commitment proceeding, if warranted, as provided under § 27-5-1 *et seq.* of this code for each individual or make other appropriate recommendations to the court of record. The court shall hold any hearing for each individual as soon as practicable, but no later than June 30, 2022.

W. Va. Code § 27-6A-3(l). In this case, the appendix record was supplemented on motion of the State with information showing that the petitioner has been provided a civil commitment hearing as set forth in section 27-6A-3(l) and the circuit court has determined that he has still not regained competency and will not do so in the foreseeable future. Additionally, the court found that the petitioner requires twenty-four-hour supervision and care. He has been "referred to less restrictive facilities, including those that treat individuals with permanent brain injury, such as himself. He has been denied admission to each of the facilities with responses such as 'no beds & not a good fit.'" Most importantly, the circuit court found that the

parties are not in dispute that Defendant remains a substantial danger to himself and others. The Court, in accordance with W. Va. Code § 27-6A-3(l), further **FINDS** that the Defendant

19

remains a foreseeable danger to self and others outside the hospital setting and that there is no less restrictive placement that is **appropriate and available** that assures that the Defendant will remain safe to himself and others.

As a result of this civil commitment hearing, the petitioner has been "finally civilly committed to Sharpe Hospital or a licensed diversion facility in accordance with W. Va. Code § 27-5-4(l)"[14] and the circuit court "shall continue its oversight of the Defendant for the period of the Court's Jurisdiction as authorized by W. Va. Code § 27-6A-3(g)(2)." [15] In this regard,

> the court, in its discretion, may continue its oversight of the individual and the court's jurisdiction over the individual: *Provided*, That notwithstanding any provision of this article to the contrary, an individual may not be released as provided in this subsection until the court reviews and approves a recent dangerousness risk assessment of the individual and the chief medical officer's recommended release plan for the individual based on the needs of the individual and the public.

*See id*.

Consequently, even though we find no error in the circuit's original determination of the maximum jurisdictional limit it could maintain over the petitioner, we recognize that the petitioner's commitment has now advanced to a civil commitment. Accordingly, the period of time during which the circuit court was authorized to maintain

---

[14] *See* W. Va. Code § 27-5-4(l)(4) (2020) (pertaining to orders issued pursuant to final commitment hearing and further providing that "an individual committed pursuant to § 27-6A-3 of this code may be committed for the period he or she is determined by the court to remain an imminent danger to self or others.").

[15] *See supra* n.10.

20

jurisdiction under the former version of the statute – the maximum sentence he or she could have received if convicted – is no longer controlling.

By our holding today, we reaffirm that the provisions of West Virginia Code section 27-6A-3 were not designed to impose punishment on a defendant, but rather to monitor and treat a defendant's mental health concerns. We emphasized this in *Riggleman*:

> With regard to incompetent defendants who are charged with a crime involving an act of violence pursuant to W.Va. Code § 27-6A-3(h), the duty of the court is not to "lock them up and throw away the key." Instead, under W.Va. Code § 27-6A-3(h) the condition of those defendants must at a minimum be reviewed annually, and reports regarding their conditions must be submitted to and considered by the court. W.Va. Code § 27-6A-3(h). Additionally, W.Va. Code § 27-6A-3(h)-(i) require that an incompetent defendant be committed to the least restrictive environment necessary to treat the defendant while simultaneously providing for the protection of the public.

*George K.*, 233 W.Va. at 712, 760 S.E.2d at 526.

> We reiterate that the purpose of the statutory scheme set forth in West Virginia Code §§ 27-6A-3 to -6 is not to punish persons suffering from mental illness; rather, it is to provide humane care and treatment to the incompetent defendant, and to facilitate rehabilitation with the least restrictive environment. By maintaining jurisdiction over Petitioner, the circuit court also must take necessary precautions to protect the public.

*Riggleman*, 238 W. Va. at 729, 798 S.E.2d at 855. Accordingly, the circuit court did not err in regard to the petitioner's competency determination pursuant to West Virginia Code section 27-6A-3.

## IV. Conclusion

For the foregoing reasons, the circuit court's March 8, 2021, order is hereby affirmed.

Affirmed.